STANLEY E. WOODWARD, JR.
Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Phone: (202) 514-9500
Email: Stanley.Woodward@usdoj.gov

E. BRYAN WILSON
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Bryan.Wilson@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

United States of America,

Plaintiff,

v.

State of Alaska; Carol Beecher, in her official capacity as Director of the Division of Elections of the State of Alaska; the Election Boards of the State of Alaska; and the State Ballot Counting Review Board of the State of Alaska.

Defendants.

Civ. No. 3:26-cv-

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**ACTION SEEKING STATEWIDE RELIEF**

Plaintiff, the United States of America, hereby alleges as follows:

## INTRODUCTION

1. Dan S. Sullivan ("Senator Sullivan") has represented the State of Alaska in the United States Senate since 2015. He is running for reelection as a Republican in November 2026, in what most observers believe will be a close race against Democrat Mary Peltola.

2. Daniel J. Sullivan decided to run for Senator in 2026 as a Republican with the intention of misleading supporters of Senator Sullivan into voting for him. The sole purpose of his candidacy is to benefit the Peltola campaign by reducing the number of votes for Senator Sullivan.

3. Congress has tasked state officials with "protect[ing] the integrity of the electoral process," 52 U.S.C. § 20501(b)(3), and the Supreme Court has long recognized that states "ha[ve] an interest, if not a duty, to protect the integrity of its political processes from frivolous or fraudulent candidacies." *Bullock v. Carter*, 405 U.S. 135, 145 (1972); *see also Jenness v. Fortson*, 403 U.S. 431, 442 (1971) ("There is surely an important state interest in … avoiding confusion, deception, and even frustration of the democratic process at the general election.").

4. Should Alaska certify any electoral results tainted by the inclusion on the ballot of Daniel J. Sullivan—whose candidacy, Defendant Beecher found, is "for the purpose of confusing or misleading voters and compromising the fairness of the ballot"[1]—the State and its officers will fail in its obligation to protect the integrity of its election.

---

[1] Ex. A, at 2 (Letter from Carol Beecher, Director, to Daniel J. Sullivan (June 15, 2026)).

5. The United States accordingly brings this lawsuit to protect the integrity of the 2026 Senate election in Alaska.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1345 because the United States is a plaintiff and brings a claim under federal law.

7. Declaratory relief is authorized by 28 U.S.C. §§ 22021-2202.

8. Venue is proper under 28 U.S.C. § 1391(b)(1) because all defendants reside in the District of Alaska.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the United States' claim occurred and will occur in this District, including the administration and conduct of the November election for Senate, the counting of ballots in that election, and the certification of the result of that election.

## PARTIES

10. Plaintiff is the United States of America, represented by the Attorney General. The Attorney General is authorized to "bring a civil action in an appropriate district court for such declaratory or injunctive relief as is necessary to carry out" Chapter 205 of Title 52 of the U.S. Code. 52 U.S.C. § 20510(a).

11. Defendant State of Alaska is one of the fifty states making up the United States.

12. Defendant Carol Beecher is sued in her official capacity as Director of Alaska's Division of Elections. The Director "act[s] for the lieutenant governor in the supervision of central and regional election offices, . . . and the administration of all state

elections . . . . The director is responsible for the coordination of state responsibilities under the [National Voter Registration Act (NVRA)]." A.S. § 15.15.105. The Director is responsible for "provid[ing] general administrative supervision over the conduct of state elections." *Id.* § 15.15.010. She also "shall review the counting of the ballots with the assistance of and in the presence of the appointed representatives from the political parties." *Id.* § 15.15.420.

13. Defendant Election Boards of the State of Alaska are tasked with counting ballots following an election, A.S. § 15.15.360, and "mak[ing] a certificate . . . of the results" after "the count of ballots is completed," *id.* § 15.15.370. There is at least one election board appointed in each precinct and composed, by default, of at least three qualified voters registered to vote in that precinct. *Id.* § 15.10.120(a); *see id.* § 15.10.125 ("In each precinct having 200 or more voters additional election boards may be appointed."). "The election board shall, immediately upon completion of the certificate or as soon thereafter as the local mail service permits, send in one sealed package to the director one copy of the certificate and the register." *Id.* § 15.15.370.

14. Defendant State Ballot Counting Review Board of the State of Alaska is made up of members appointed by the Director. A.S. § 15.180. "The state ballot counting review shall begin as soon as practicable after the election is completed and not later than 16 days after an election and shall be continued until completed." *Id.* § 15.15.440. "The director shall close the review when the director is satisfied that no missing precinct certificate of election would, if received, change the result of the election." *Id.*

15. After all certificates from election boards have been received, and the state ballot counting review process (over which the Director has certain oversight responsibility, A.S. § 15.15.440) has been completed, "the director shall certify the person receiving the largest number of votes for the office for which that person was nominated or elected, as applicable." *Id.* § 15.15.450. "The director shall issue to the elected candidate[] . . . a certificate of their election or approval." *Id.*

**STANDING**

16. The United States has a substantial and legally cognizable interest in maintaining the integrity of elections. *See* 52 U.S.C. §§ 20501(b)(3), 20510(a). The United States suffers an injury in fact whenever federal law is violated, *Vermont Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000), including when remedying such a violation is necessary to safeguard the sacred right of its citizens to vote, *see United States v. Raines*, 362 U.S. 17, 27 (1960). The United States likewise suffers an injury when the certification of the election for a federal office is tainted by a frivolous candidacy because that undermines confidence in the make-up and workings of the federal government.

17. Defendants are each substantially involved in the administration of elections in Alaska, including the 2026 election for Senator, as well as the collection, counting, and certification process following the election.

18. An order declaring a certification of an election result prejudiced by Daniel J. Sullivan's inclusion on the ballot unlawful and enjoining defendants from allowing such a certification to occur would redress the United States' injuries.

## BACKGROUND

*A. Daniel J. Sullivan's Senate Campaign*

19. On or about May 16, 2026, Senator Sullivan filed to run for reelection to the United States Senate.

20. On or about May 29, 2026, Daniel J. Sullivan filed to run for election to the Senate. Daniel J. Sullivan had never previously run for political office.

21. Daniel J. Sullivan took several measures designed to dupe Alaska's voters into believing that he is Senator Sullivan, as detailed below, prompting complaints to the Alaska Division of Elections.

22. On June 15, the Alaska Division of Elections (in a letter issued by Defendant Beecher) found that Daniel J. Sullivan's declaration of candidacy was not properly filed with the Division because it was not filed in order to declare an actual good-faith candidacy for the office of United States Senator but was instead filed with a purpose to confuse or mislead and to thereby compromise the ballot's fairness or neutrality." Ex. A, at 2.

23. The Alaska Division of Elections detailed several facts (Ex. A, at 1-2) supporting its conclusion that Daniel J. Sullivan is running for Senate to dupe voters who intend to vote for Senator Sullivan into voting for him:

a. Daniel J. Sullivan requested that the ballot display his name as "Dan Sullivan"—the same name used by Senator Sullivan. Daniel J. Sullivan did not register to vote under the name "Dan Sullivan."

b. According to the Division, Daniel J. Sullivan "requested to be designated on the ballot as affiliated with the Republican Party"—the same party as

Senator Sullivan—but had never previously "been affiliated with the Republican Party in Alaska." His choice to "change [his] affiliation to the same political party … as the incumbent Senator … immediately before filing a declaration of candidacy in which [he] asked to access the ballot under the same name – in a shortened form [he'd] never used before - as the incumbent Senator strongly suggests an intent to confuse [him]self with the incumbent Senator rather than to distinguish [him]self from him."

c. Although Daniel J. Sullivan decided to run as a Republican, he worked with a political consultant who is "a known longtime supporter of Democratic candidates including the primary Democratic challenger to Senator Sullivan." Additionally, Daniel J. Sullivan admitted in a July 18, 2026, interview with The New York Times that he voted for Democrats in the last three presidential elections and voted for Peltola when she ran for Congress.

d. Daniel J. Sullivan's "public campaign website … uses a format, color scheme and overall theme similar to the public website for Senator Sullivan's campaign … This again suggests an intention not to distinguish yourself from the incumbent Senator as any candidate genuinely seeking office would do, but to confuse Alaskans as to which 'Dan Sullivan' is which."

24. Daniel J. Sullivan sought judicial review of the Division's determination. A trial court held that the Division erred in excluding Daniel J. Sullivan from the ballot. *Daniel J. Sullivan, Jr. v. Division of Elections*, No. 3AN-26-07485CI (Alaska Sup. Ct. June 26, 2026). The Alaska Supreme Court summarily affirmed and indicated that a "full opinion will be issued at a later date." *Alaska v. Daniel J. Sullivan, Jr.*, No. S-19935 (Alaska June 29, 2026). The Alaska Supreme Court has yet to issue that opinion.

25. As a result of the Alaska Supreme Court's summary decision, Daniel J. Sullivan will be included on Alaska's ballot for the November 2026 general election.

*B. Daniel J. Sullivan's campaign threatens to mislead Alaska's voters in the general election.*

26. Alaska uses a two-step process for electing Senators and other officials.

27. In the primary election, all candidates appear on the ballot, regardless of political party. With irrelevant exceptions, "only the four candidates who receive the greatest number of votes for any office shall advance to the general election." AK Stat. § 15.25.010.

28. The general election is "conducted by ranked-choice voting." AK Stat. § 15.15.350(c). Voters rank their candidates in order of preference and do not have to rank all candidates.

29. "The election board shall initially tabulate each validly cast ballot as one vote for the highest-ranked continuing candidate on that ballot or as an inactive ballot. If a candidate is highest ranked on more than one-half of the active ballots, that candidate is elected and the tabulation is complete." A.S. § 15.15.350(d). Otherwise, "votes cast for the defeated candidate shall cease counting for the defeated candidate and shall be added to the totals of each ballot's next-highest-ranked continuing candidate." § 15.15.350(d)(2).

30. For example, consider a citizen who lists Candidate A as his first choice, Candidate B as his second choice, Candidate C as his third choice, and Candidate D as his fourth choice. If Candidate A receives the fewest first-place votes, then he is eliminated, and the citizen's vote is transferred to Candidate B. If Candidate B now has the most first-place votes, then that candidate wins the election.

31. Alaska held its primary election on August 28. Peltola received 49.5% of the vote, Senator Sullivan received 41.4% of the vote, Daniel J. Sullivan received 2.5% of the vote, and Republican Gerald Heikes received 1.1% of the vote. Those candidates will be on the ballot in the November general election.

32. As a result of Daniel J. Sullivan's inclusion on the November ballot, the ballot will appear confusing to voters looking to vote for Senator Sullivan, as demonstrated by a sample ballot:

**State of Alaska Official Ballot**
**November 3, 2026**
**General Election**

Federal Only

301

**A candidate's designated affiliation does not imply that the candidate is nominated or endorsed by the political party or group or that the party or group approves of or associates with that candidate, but only that the candidate is registered as affiliated with the political party or political group.**

**Instructions:**

- Do not use red ink or a pencil to mark your ballot.
- Rank as many or few candidates as you like.
- Completely fill in no more than one oval for each candidate or column.
- For your 1st choice, fill in the oval in the first choice column.
- For your 2nd choice, fill in the oval in the 2nd choice column.
- For your 3rd choice, fill in the oval in the 3rd choice column, and so on.
- **If you make a mistake, you can ask for a new ballot.**

**United States Senator**

| | 1st Choice | 2nd Choice | 3rd Choice | 4th Choice | 5th Choice |
|---|---|---|---|---|---|
| **Heikes, Gerald L.** (Registered Republican) | ○ 1 | ○ 2 | ○ 3 | ○ 4 | ○ 5 |
| **Peltola, Mary** (Registered Democrat) | ○ 1 | ○ 2 | ○ 3 | ○ 4 | ○ 5 |
| **Sullivan, Daniel J. Jr.** | ○ 1 | ○ 2 | ○ 3 | ○ 4 | ○ 5 |
| **Sullivan, Dan S.** (Registered Republican) Incumbent | ○ 1 | ○ 2 | ○ 3 | ○ 4 | ○ 5 |
| **Write-in:** | ○ 1 | ○ 2 | ○ 3 | ○ 4 | ○ 5 |

**United States Representative**

| | 1st Choice | 2nd Choice | 3rd Choice | 4th Choice | 5th Choice |
|---|---|---|---|---|---|
| **Begich, Nick** (Registered Republican) | ○ 1 | ○ 2 | ○ 3 | ○ 4 | ○ 5 |
| **Hafner, Eric** (Registered Democrat) | ○ 1 | ○ 2 | ○ 3 | ○ 4 | ○ 5 |
| **Hill, Bill** (Nonpartisan) | ○ 1 | ○ 2 | ○ 3 | ○ 4 | ○ 5 |
| **McDermott, James C. "Jim"** (Registered Libertarian) | ○ 1 | ○ 2 | ○ 3 | ○ 4 | ○ 5 |
| **Write-in:** | ○ 1 | ○ 2 | ○ 3 | ○ 4 | ○ 5 |

33. Daniel J. Sullivan's presence on the ballot threatens to mislead Alaskan citizens who want to vote for Senator Sullivan. For example, some supporters of Senator Sullivan likely will inadvertently vote for Daniel J. Sullivan. Other supporters of Senator Sullivan likely will be confused as to how to rank the three Republican candidates as to defeat Peltola. They might not rank Senator Sullivan at all, resulting in votes for Daniel J. Sullivan to be transferred to Peltola after Daniel J. Sullivan's all-but-guaranteed elimination in the first or second round of tabulations.

34. Many polls indicate that the race between Senator Sullivan and Peltola will be within one or two percentage points, and Daniel J. Sullivan received 2.5% of the vote in the primary election. Thus, there is a realistic chance that, even if a majority of Alaskans wish to vote for Senator Sullivan, Daniel J. Sullivan's presence on the ballot will result in a victory for Peltola.

## CLAIM FOR RELIEF

### Count One
### (NVRA, 52 U.S.C. §§ 20501(b)(3), 20510(a))

35. The United States incorporates all allegations stated above.

36. "The Attorney General may bring a civil action . . . for such declaratory or injunctive relief as is necessary to carry out" Chapter 205 of Title 52 of the U.S. Code, which covers the NVRA.

37. The NVRA imposes a variety of duties on States for the purpose of "protect[ing] the integrity of the electoral process." 52 U.S.C. § 20501(b)(3); *see id.* §§ 20503-20509.

38. The Supreme Court has long recognized that an important aspect of safeguarding the "integrity of [a state's] political processes" is keeping "frivolous . . . candidacies" from the ballot. *Bullock*, 405 U.S. at 145; *see Lindsay v. Bowen*, 750 F.3d 1061, 1064 (9th Cir. 2014) (explaining that a contrary rule would require a state to let ineligible candidates "clutter and confuse our electoral ballot").

39. To be sure, *Bullock* involved including or excluding candidates from the ballot. 405 U.S. at 145. However, the State was "understandably and properly seek[ing]

to prevent the clogging of its election machinery, avoid voter confusion, and assure that the winner is the choice of a majority, or at least a strong plurality, of those voting, without the expense and burden of runoff elections." *Id.* When the ballot contains a frivolous candidate, the same state interests remain after ballots have been cast through certification so as to assure that the State's "election machinery" is not "clogg[ed]" by frivolous candidacies that resulted in "voter confusion." *Id.* Given the Alaska Supreme Court's decision, and the fact that Daniel J. Sullivan's name is already on the ballot, the only way to "assure that the winner [of the Alaska Senate seat] is the choice of a majority, or at least a strong plurality, of those voting," *id.*, is to ensure that the certification is not impacted by Daniel J. Sullivan's frivolous candidacy.

40. Defendant Beecher has already made the determination, in her capacity as Director of the Division of Elections, that Daniel J. Sullivan's candidacy is frivolous in that his "declaration of candidacy . . . was not filed in order to declare an actual good-faith candidacy for the office of the United States Senator, but was instead filed with a purpose to confuse or mislead and to thereby compromise the ballot's fairness or neutrality." Ex. A, at 1. That determination was reached after considering the evidence before her as she thoroughly laid out in Exhibit A, at 1-2.

41. Given the substantial likelihood that the inclusion of Daniel J. Sullivan will confuse or mislead voters looking to cast a vote for Senator Sullivan, and thus distort the will of Alaskan voters, there is a substantial likelihood that a certification of the election will reflect an electoral process that lacked integrity.

42. To guard against this danger, it is vital that Defendants not certify any election result that may be impacted by voter confusion. An election result may be impacted by voter confusion if: (1) Senator Sullivan does not win the election; and (2) had all votes cast for Daniel J. Sullivan been cast instead for Senator Sullivan and Alaska's rank-choice process played out accordingly, Senator Sullivan would have won the election.

## PRAYER FOR RELIEF

WHEREFORE, the United States requests that this Court grant the following relief:

43. Declare that certification of any result that may be impacted by voter confusion, as defined above, would violate Defendants' duties under the NVRA to "protect the integrity of the electoral process." 52 U.S.C. § 20501(b)(3).

44. Defendants from certifying any result that may be impacted by voter confusion, as defined above, pending an investigation to determine whether votes cast for Daniel J. Sullivan were meant to be cast for Senator Sullivan and any further procedures or relief this Court deems necessary and appropriate to determine what the result would have been absent Daniel J. Sullivan's inclusion on the ballot.

45. Award any other relief it deems just and proper.

// //

// //

RESPECTFULLY SUBMITTED this October 22, 2026, in Anchorage, Alaska.


*/s/* Stanley Woodward
Stanley E. Woodward, Jr.
*Associate Attorney General*
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Phone: (202) 514-9500
Email: Stanley.Woodward@usdoj.gov

*/s/* E. Bryan Wilson
E. Bryan Wilson
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Ave., #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Email: Bryan.Wilson@usdoj.gov