David R. Fox*
Joshua Abbuhl*
Qizhou Ge*
Max C. Accardi*
ELIAS LAW GROUP LLP
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
(202) 948-1135
*dfox@elias.law*
*jabbuhl@elias.law*
*age@elias.law*
*maccardi@elias.law*

**Pro Hac Vice* Applications Forthcoming

Thomas P. Amodio
Kevin M. Boots
Lily Ginsburg
REEVES AMODIO, LLC
500 L Street, Suite 300
Anchorage, AK 99501
(907) 222-7100
(907) 222-7199 (facsimile)
*tom@reevesamodio.com*
*kevin@reevesamodio.com*
*lginsburg@reevesamodio.com*

Attorneys for Proposed Intervenors
Alaskans for Mary and DSCC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>STATE OF ALASKA; CAROL BEECHER, in her official capacity as Director of the Division of Elections of the State of Alaska; the ELECTION BOARDS of the STATE OF ALASKA; and the BALLOT COUNTING REVIEW BOARDS of the STATE OF ALASKA,<br><br>Defendants. | Case No. 3:26-cv-00376-SLG |

**ALASKANS FOR MARY AND DSCC'S PROPOSED ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**[1]

[1] Alaskans for Mary and DSCC file this Proposed Answer in compliance with Fed. R. Civ. P. 24(c). If intervention is granted, Alaskans for Mary and DSCC intend to file a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Proposed Intervenor-Defendants Alaskans for Mary and DSCC ("Proposed Intervenors"), by and through their attorneys, for their Proposed Answer to Plaintiff's Complaint, deny each and every allegation of the Complaint not specifically admitted herein, and further answer as follows:

1. Admitted.

2. Proposed Intervenors lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 2, and therefore deny them.

3. Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny that Paragraph 3 accurately characterizes the quoted legal authorities.

4. Denied.

5. Denied.

## JURISDICTION AND VENUE

6. Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Plaintiff purports to assert violations of federal law.

7. Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny that Plaintiff is entitled to declaratory relief.

8. Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendants are located within Alaska.

9. Paragraph 9 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Plaintiff's allegations concern events that have occurred or will occur in Alaska.

## **PARTIES**

10. Proposed Intervenors admit that Plaintiff is the United States of America, and that Paragraph 10 quotes a portion of 52 U.S.C. § 20510(a), but denies that the Attorney General is authorized to bring this civil action and otherwise denies the allegations of Paragraph 10.

11. Admitted

12. Proposed Intervenors admit that Carol Beecher is a Defendant, and that she is sued in her official capacity, and that Paragraph 12 quotes portions of Alaska statutes. Proposed Intervenors refer to those statutes for their full and complete contents and deny anything inconsistent therewith.

13. Proposed Intervenors admit that the Election Boards of the State of Alaska are named as Defendants and that Paragraph 13 quotes portions of Alaska statutes. Proposed Intervenors refer to those statutes for their full and complete contents and deny anything inconsistent therewith.

14. Proposed Intervenors admit that the State Ballot Counting Review Board of the State of Alaska is named as a Defendant and that Paragraph 14 quotes portions of Alaska statutes. Proposed Intervenors refer to those statutes for their full and complete contents and deny anything inconsistent therewith.

15. Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Paragraph 15 cites and quotes portions of Alaska statutes, and Proposed Intervenors refer to those statutes for their full and complete contents and deny anything inconsistent therewith.

## STANDING

16. Paragraph 16 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, denied.

17. Proposed Intervenors admit that each of the named Defendants has some role in the administration of elections in the State of Alaska, including the 2026 election for U.S. Senator, and otherwise deny the allegations of Paragraph 17.

18. Denied.

## BACKGROUND

19. Proposed Intervenors admit that Senator Sullivan filed to run for reelection before the State deadline, but otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 19 and therefore deny them.

20. Proposed Intervenors admit that Daniel J. Sullivan filed to run for Senate before the State deadline, but otherwise lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 20 and therefore deny them.

21. Proposed Intervenors lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 21, and therefore deny them.

22. Paragraph 22 purports to quote a letter from Defendant Beecher. Proposed Intervenors refer to the letter for its full and complete contents and deny any allegations inconsistent with those contents. Proposed Intervenors further note that the Alaska Supreme Court overturned Defendant Beecher's determination. Proposed Intervenors lack knowledge or information sufficient to form a belief about the truth or falsity of the allegation concerning the purposes of Daniel J. Sullivan's candidacy and therefore deny any allegation about those purposes. To the extent there are any further allegations in Paragraph 22, Proposed Intervenors deny them.

23. Paragraph 23, including subparts (a) through (d) and the graphical element that follows them, purports to quote a letter from Defendant Beecher. Proposed Intervenors refer to the letter for its full and complete contents and deny any allegations inconsistent with those contents. Proposed Intervenors further note that the Alaska Supreme Court overturned Defendant Beecher's determination. Proposed Intervenors lack knowledge or information sufficient to form a belief about the truth or falsity of the underlying factual

allegations in Defendant Beecher's letter and therefore deny them. To the extent there are any further allegations in Paragraph 23, Proposed Intervenors deny them.

24. Proposed Intervenors admit that Daniel J. Sullivan sought reversal of the Division's determination to exclude him from the ballot and that the determination was reversed by Alaska courts. Proposed Intervenors refer to the judicial decisions cited in Paragraph 24 for their full and complete contents, and deny anything inconsistent with those contents.

25. Proposed Intervenors admit that Daniel J. Sullivan appears on the ballot for Alaska's November 2026 general election. Proposed Intervenors otherwise deny the allegations of Paragraph 25.

26. Admitted.

27. Paragraph 27 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Paragraph 27 purports to cite a portion of an Alaska statute. Proposed Intervenors refer to that statute for its full and complete contents and deny anything inconsistent therewith.

28. Paragraph 28 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Paragraph 28 cites a portion of an Alaska statute. Proposed Intervenors refer to that statute for its full and complete contents and deny anything inconsistent therewith.

29. Paragraph 29 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors state that Paragraph 29 cites portions of an Alaska statute. Proposed Intervenors refer to that statute for its full and complete contents and deny anything inconsistent therewith.

30. Paragraph 30 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors refer to Alaska statutes, which describe the procedure for ranked-choice voting under Alaska law, and deny anything inconsistent therewith.

31. Admitted.

32. Denied.

33. Denied.

34. Proposed Intervenors admit that some polls suggest that the race between Senator Sullivan and Peltola may be within one to two percentage points, and that Daniel J. Sullivan received 2.5% of the vote in the primary election. Proposed Intervenors otherwise deny the allegations of Paragraph 34.

## CLAIM FOR RELIEF

### Count One
### (NVRA, 52 U.S.C. §§ 20501(b)(3), 20510(a))

35. Proposed Intervenors therefore incorporate by reference their responses to each preceding paragraph.

36. Paragraph 36 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the quoted language appears in Chapter 205 of Title 52 of the U.S. Code, refer to that statute for its full and complete contents, and deny anything inconsistent therewith. Proposed Intervenors specifically deny that the cited statute authorizes this lawsuit.

37. Paragraph 37 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Paragraph 37 cites and quotes from portions of the NVRA. Proposed Intervenors refer to that statute for its full and complete contents and deny anything inconsistent therewith. Proposed Intervenors specifically deny that the NVRA imposes any duties on States that are relevant to this lawsuit.

38. Paragraph 38 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Paragraph 38 cites and quotes from portions of various legal authorities. Proposed Intervenors therefore refer to those authorities for their full and complete contents and deny anything inconsistent therewith. Proposed Intervenors specifically deny that the cited authorities impose any duties on States that are relevant to this lawsuit.

39. Paragraph 39 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors admit that the first three sentences of Paragraph 39 purport to quote and cite from a Supreme Court decision. Proposed Intervenors refer to that decision for its full and complete contents, and deny anything inconsistent therewith. Proposed Intervenors specifically deny the fourth sentence of Paragraph 39.

40. Paragraph 40 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors, refer to Defendant Beecher's letter for its full and complete contents, and deny anything inconsistent therewith. Proposed Intervenors lack knowledge or information sufficient to form a belief about the truth or falsity of the underlying factual allegations in Defendant Beecher's letter and therefore deny them. Proposed Intervenors further note that the Alaska Supreme Court overturned Defendant Beecher's determination.

41. Denied.

42. Denied.

## PRAYER FOR RELIEF

Proposed Intervenors deny that Plaintiffs are entitled to the requested relief or any other relief.

## GENERAL DENIAL

Proposed Intervenors deny every allegation in the Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred because Plaintiff lacks Article III standing.

2. Plaintiffs have failed to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred because they seek relief inconsistent with federal and state law and the United States Constitution.

4. Plaintiff has waived the right to bring some or all of its claims.

5. Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

6. Proposed Intervenors reserve the right to amend this Answer at a later time, and to move to dismiss some or all of Plaintiff's claims.

## PROPOSED INTERVENORS' REQUEST FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Proposed Intervenors pray for judgment as follows:

A. That the Court dismiss Plaintiff's Complaint in its entirety;

B. That judgment be entered in favor of Proposed Intervenors and against Plaintiff and that Plaintiff takes nothing thereby;

C. That Proposed Intervenors be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

Dated: October 23, 2026.

REEVES AMODIO LLC
Attorneys for Proposed Intervenors

By: /s/ *Thomas P. Amodio*
Thomas P. Amodio, ABA #8511142
*tom@reevesamodio.com*

By: /s/ *Lily Ginsburg*
Lily Ginsburg, ABA #2411117
*lginsburg@reevesamodio.com*

By: /s/ *Kevin M. Boots*
Kevin M. Boots, ABA #0912090
*kevin@reevesamodio.com*

500 L Street, Suite 300
Anchorage, Alaska 99501
Telephone: (907) 222-7100

David R. Fox*
Joshua Abbuhl*
Qizhou Ge*
Max C. Accardi*
ELIAS LAW GROUP LLP
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
(202) 948-1135
*dfox@elias.law*
*jabbuhl@elias.law*
*age@elias.law*
*maccardi@elias.law*

**Pro Hac Vice* Applications Forthcoming

Attorneys for Proposed Intervenors
Alaskans for Mary and DSCC

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2026, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:26-cv-00376-SLG who are registered CM/ECF users will be served by the CM/ECF system.

/s/ *Lily Ginsburg*
Lily Ginsburg