Cindy Woods (AK Bar # 2510078)
Eric Glatt (AK Bar # 1511098)
ACLU of Alaska Foundation
P.O. Box 90744
Anchorage, AK 99509
(907) 258-0044
cwoods@acluak.org

Ari Savitzky* (AK Bar # NA21918)
Ming Cheung*
Theresa J. Lee* (AK Bar # NA21922)
Garrett Muscatel*
Sophia Lin Lakin* (AK Bar # NA21593)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
asavitzky@aclu.org

*Attorneys for Proposed Intervenors Risé Roy, Jan Jakub Grzeda, League of Women Voters of Alaska, and Common Cause*

**Applications for admission pro hac vice pending or forthcoming*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br>v.<br><br>STATE OF ALASKA; CAROL BEECHER, *in her official capacity as Director of the Division of Elections of the State of Alaska*; THE ELECTION BOARDS OF THE STATE OF ALASKA; and THE STATE BALLOT COUNTING REVIEW BOARD OF THE STATE OF ALASKA,<br><br>*Defendants*. | Case No. 3:26-cv-00376-SLG |

**REPLY MEMORANDUM OF RISÉ ROY, JAN JAKUB GRZEDA, LEAGUE OF WOMEN VOTERS OF ALASKA, AND COMMON CAUSE IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANTS**

## TABLE OF CONTENTS

TABLE OF CONTENTS .......... i

INTRODUCTION .......... 1

ARGUMENT .......... 2

I. MOVANTS ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT. .......... 2

II. IN THE ALTERNATIVE, THE COURT SHOULD GRANT PERMISSIVE INTERVENTION .......... 6

CONCLUSION .......... 7

## INTRODUCTION

Proposed Intervenors League of Women Voters of Alaska (LWVAK) and Common Cause are two of Alaska's largest non-partisan civic groups. Proposed Intervenors Roy and Grzeda are flesh-and-blood Alaska voters who have or will cast ballots in next week's general election. Together, Proposed Intervenors (the LWVAK Intervenors) represent electoral democracy in Alaska—the very principle under assault by the United States here. After the United States brought a baseless election-eve federal lawsuit seeking to block certification of Alaska's U.S. Senate election depending on the result, Proposed Intervenors, represented by experienced voting rights attorneys, sought intervention within a day, submitting a filing-ready, comprehensive motion to dismiss that is already helping to advance this litigation towards its only rightful conclusion.

The United States' opposition to intervention mainly regurgitates the allegations from the Complaint, none of which involve voter registration or raise any colorable (let alone plausible) claim under the National Voter Registration Act (NVRA).[1] On intervention, it outright concedes all but one of the Rule 24 factors governing intervention as of right, and on the final factor it just ignores the law. Not only do the LWVAK Intervenors, as individual Alaska voters and non-partisan civic groups, have divergent interests from those of the State, the LWVAK Intervenors are in fact *already* advancing multiple grounds for dismissal that have not been raised or developed by the State,

[1] *See* U.S. MTI Opp., Dkt. No. 26 at 2–7.

including the constitutional right to vote, the Seventeenth Amendment, the right to a secret ballot, and the *Purcell* principle.[2]

The LWVAK Intervenors have more than satisfied their "minimal burden" to show divergent interests here.[3] And even if there were reason to doubt that conclusion (and the United States has provided none), the Court would be well justified in granting permissive intervention. The presence of Alaska voters and non-partisan civic groups, represented by skilled voting rights counsel, will undoubtedly aid the Court in its resolution of the present matter and will serve the public interest, which lies in the swift and forceful dismissal of this frivolous action.

## ARGUMENT

### I. MOVANTS ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT.

The United States never disputes that the LWVAK Intervenors timely sought intervention.[4] Nor could they, because intervention was sought within a single day, before the State had even appeared. The United States also never disputes that the LWVAK Intervenors' have a protectible interest at stake in this action.[5] Again, nor could they:

---

[2] *Compare* LWVAK MTD, Dkt. No. 6-1 at 16–19, *with* State of Alaska MTD, Dkt. No. 18 at 16–19.

[3] *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (emphasis added); *accord Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898–99 (9th Cir. 2011).

[4] *See* Fed. R. Civ. P. 24(a); *see also, e.g.*, *Kalbers v. U.S. Dep't of Just.*, 22 F.4th 816, 822, 825 (9th Cir. 2021).

[5] *See* Fed. R. Civ. P. 24(a)(1); *see also, e.g.*, *Kalbers*, 22 F.4th at 827.

Refusing to certify and indefinitely setting aside the result of Alaska's upcoming general election, which is the precise relief the United States seeks unless the incumbent wins the election,[6] would constitute an egregious and virtually unprecedented denial of Alaskans' right to vote and would undermine LWVAK and Common Cause's work to promote electoral democracy.[7]

Indeed, the United States never even acknowledges the LWVAK Intervenors' distinct interests at all, instead simply lumping them together with the partisan intervenors, Alaskans for Mary and the Democratic Senatorial Campaign Committee (DSCC).[8] But while partisan actors are bound to advance the interests of their particular political campaign or party, the LWVAK Intervenors' interests as individual Alaska voters and non-partisan groups are simply that every vote be counted and made effective regardless of the outcome. Those interests require fulsome representation here.

The United States suggests that, because the State of Alaska also has a general interest in "expeditious dismissal" and has "aggressively defended" the action, the State's interests and those of the LWVAK Intervenors are "identical."[9] But, setting aside the fact that the State's expeditious entry into the case *followed the intervenors' actions in the first*

---

[6] Compl. ¶¶ 43–44, Dkt. No. 1.

[7] *See* Roy Decl. ¶ 6, Dkt. No. 6-2; Grzeda Decl. ¶ 6, Dkt. No. 6-3; Moore Decl. ¶¶ 7, 9, 10–11, Dkt. No. 6-4; Nunez Decl. ¶¶ 5–8, Dkt. No. 6-5.

[8] *E.g.*, U.S. MTI Opp., Dkt. No. 26 at 7.

[9] U.S. MTI Opp., Dkt. No. 26 at 8-9 (citing *Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1020 (9th Cir. 2022).

*place*, the United States ignores the significant differences in the parties' interests and arguments.

The State's objective is indeed to obtain dismissal of this lawsuit, but that objective can be achieved by prevailing on non-merits, jurisdictional defenses like standing, which is the lead argument in the State's motion to dismiss.[10] Moreover, the State could alter course if it later determines that doing so serves its institutional interests, cooperating with the federal Department of Justice as it has in other recent instances involving voter registration list maintenance (the subject of the NVRA if not actually of this lawsuit).[11]

But the LWVAK Intervenors' interests are different. On behalf of Alaska voters, the LWVAK Intervenors seek nothing less a forceful dismissal with prejudice, on the merits, to protect Alaska voters now and into the future, to confirm the sanctity of the right to vote and protect it from the overreach of a lawless federal executive. Accordingly, the LWVAK Intervenors have advanced numerous grounds for dismissal that are not advanced or developed by the State and that sound in the rights of voters, including the constitutional right to vote, the right to a secret ballot, and the Seventeenth Amendment.[12] The LWVAK Intervenors have also developed an argument under the *Purcell* doctrine, which is a

---

[10] State of Alaska MTD, Dkt. No. 18 at 8–12.

[11] *LWVAK v. Dahlstrom*, No. 3AN-26-03619-CI (Alaska Super. Ct. 3d Jud. Dist. filed Apr. 22, 2026); *see also, e.g.*, *See Judicial Watch, Inc. v. Ill. State Bd. of Elections*, No. 24-C-1867, 2024 WL 3454706, at *5 (N.D. Ill. July 18, 2024). As the caption suggests, Proposed Intervenor LWVAK is one of the Plaintiffs in the *Dahlstrom* action, and the State of Alaska is the defendant.

[12] LWVAK MTD, Dkt. No. 6-1 at 17–18.

complete bar to the relief sought by the United States here, and which the State did not develop in it motion.[13] The LWVAK Intervenors have also advanced an argument that the United States's NVRA claim is so frivolous and without colorable legal basis that the attorneys who filed this action are subject to sanctions under Rule 11[14]—another argument, amply supported by the public's interest in a federal Department of Justice that adheres to the basic standards of the legal profession, which no other party has made.

The LWVAK Intervenors' different litigation goals and broader conception of the stakes mean that their interests are not identical to those of the State at all.[15] Accordingly, the burden for the adequacy-of-representation prong of the intervention standard is "minimal."[16] That minimal burden is easily met here. While the State of Alaska may represent the public in defending state laws and procedures in court, the LWVAK Intervenors have distinct and particular interests in protecting the right to vote and in safeguarding democracy in Alaska regardless of partisan outcomes or political expediency, and offer distinct and particular arguments to that end. In such circumstances, the Ninth

---

[13] LWVAK MTD, Dkt. No. 6-1 at 18–19.

[14] *Id*. at 19–21.

[15] *See Citizens for Balanced Use*, 647 F.3d at 899 (where intervenor group sought "to secure the broadest possible restrictions on recreational uses [of the area at issue] to protect its interest in [its] wilderness character," and Forest Service simply sought "to comply with its statutory mandate," advocacy group and Forest Service had "differing points of view . . . on the litigation as a whole" which defeated any presumption of adequate representation).

[16] *Id.* at 898 ("The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate.").

Circuit has held, intervention is warranted even where the intervenor generally "occup[ies] the same posture in the litigation" as the state defendant.[17] The United States's contrary argument fails.

## II. IN THE ALTERNATIVE, THE COURT SHOULD GRANT PERMISSIVE INTERVENTION

The Court can also simply bypass the question of intervention as of right and grant permissive intervention as a matter of discretion, which is amply warranted under the circumstances. Again, the United States does not dispute that the LWVAK Intervenors timely sought intervention, or that they raise common issues or have a significant interest at stake. It does not even attempt to engage with "the nature and extent of the intervenors' interest" here, which is nothing less than the fundamental right to vote, and fails to acknowledge the numerous distinct legal positions that the LWVAK Intervenors are already advancing to bring about a swift dismissal with prejudice.[18] It suggests that these interests are not actually at stake because, it now says, "[t]he United States is not seeking to prevent the certification of a candidate's victory."[19] But that is simply impossible to

---

[17] *Id.* at 899; *see, e.g.*, *Paher v. Cegavske*, No. 320CV00243MMDWGC, 2020 WL 2042365, at *3 (D. Nev. Apr. 28, 2020) (intervention warranted when intervenors "may present arguments about the need to safeguard [the] right to vote that are distinct from Defendants' arguments"); *Kobach*, 2013 WL 6511874, at *4. Indeed, Courts routinely find that nonpartisan public interest organizations, like LWVAK and Common Cause, should be granted intervention in election-related cases. *See* LWVAK MTI Br., Dkt. No. 7 at 9 & n.39 (collecting cases).

[18] *E.g.*, *Callahan*, 42 F.4th at 1022 (citation omitted).

[19] U.S. MTI Opp., Dkt. No. 26 at 10.

square with the pleadings, in which the United States asks this Court point blank to preemptively stop the State of Alaska "from certifying any result that may be impacted by [supposed] voter confusion"[20]

The LWVAK Intervenors are some of the state's largest and most venerable nonpartisan civic groups as well as ordinary Alaska voters who simply want their votes to be counted and made effective. They are represented by experienced voting rights counsel with deep knowledge of the NVRA and federal voting law and procedure more generally. They have already demonstrated their ability to aid the Court by submitting a full Rule 12(b)(6) motion to dismiss on 24 hours' notice—prompt and forthright action that has helped to expedite this matter and identify the numerous fatal flaws in the Complaint. The LWVAK Intervenors' continued participation as parties, including by advocating for an expeditious dismissal with prejudice, seeking sanctions against the attorneys who signed the Complaint, and defending any appeal, will further aid the Court in the "just and equitable" resolution of this ill-conceived litigation and will benefit the public interest.[21]

## CONCLUSION

For all these reasons, the Court should grant the LWVAK Intervenors' Motion to Intervene.

DATED: October 28, 2026

Respectfully submitted,

/s/ Eric Glatt
Eric Glatt (AK Bar # 1511098)

Ari Savitzky* (AK Bar # NA21918)

[20] Compl. ¶ 43, Dkt. No. 1; *see also id.* ¶¶ 18, 42.

[21] *E.g.*, *Callahan*, 42 F.4th at 1022.

Ming Cheung*
Theresa J. Lee* (AK Bar # NA21922)
Garrett Muscatel*
Sophia Lin Lakin* (AK Bar # NA21593)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
asavitzky@aclu.org
mcheung@aclu.org
tlee@aclu.org
garrettmuscatel@aclu.org
slakin@aclu.org

Cindy Woods (AK Bar # 2510078)
ACLU of Alaska Foundation
1057 W. Fireweed Lane, Ste 207
Anchorage, AK 99503
(907) 258-0044
eglatt@aclualaska.org
cwoods@acluak.org

**Applications for admission pro hac vice pending or forthcoming*

*Attorneys for Proposed Intervenors Risé Roy, Jan Jakub Grzeda, League of Women Voters of Alaska, and Common Cause*

## WORD COUNT CERTIFICATION

I hereby certify that the foregoing document, exclusive of caption and signatures, contains less than 5,700 words typed in Times New Roman, 13-point font.

*/s/ Eric Glatt*
Eric Glatt
ACLU of Alaska Foundation