**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

STATE OF ALASKA, *et al.*

Defendants.

Case No. 3:26-cv-00376-SLG

## ORDER ON MOTIONS TO INTERVENE

Before the Court at Docket 5 is Proposed Intervenor-Defendants Alaskans for Mary and Democratic Senatorial Campaign Committee's ("DSCC") (collectively, the "Campaign" or "Campaign Intervenor-Defendants") Motion to Intervene. Also before the Court at Docket 6 is Proposed Intervenor-Defendants Risé Roy, Jan Jakub Grzeda, League of Women Voters of Alaska, and Common Cause's (collectively, "League of Women Voters") Motion to Intervene.

Plaintiff United States initially filed a response in opposition to both motions at Docket 26. Then, at Docket 33, the United States withdrew its opposition to the Campaign's Motion to Intervene. The State Defendants do not oppose intervention by the Campaign and take no position on League of Women Voters' Motion to Intervene.[1]

[1] Docket 20. Defendants are the State of Alaska; Carol Beecher, in her official capacity as Director of the Division of Elections of the State of Alaska; the Election Boards of the State of Alaska; and the State Ballot Counting Review Boards of the State of Alaska) (collectively, the

The Campaign filed a reply in support of their Motion to Intervene at Docket 32; League of Women Voters filed a reply in support of their Motion to Intervene at Docket 30. Oral argument on the Motions to Intervene was not requested and was not necessary for the Court's determination.

## BACKGROUND

Many facts relevant to Proposed Intervenor-Defendants' Motions to Intervene are set forth in this Court's prior order.[2] Briefly here, the ballot for the November 2026 United States Senate election in Alaska contains two similarly-named candidates: Daniel J. Sullivan, Jr. and Dan S. Sullivan. The ballot lists the first as "Sullivan, Daniel J. Jr." with no party affiliation and lists the second as "Sullivan, Dan S. (Registered Republican) Incumbent."[3] Also on the ballot as a candidate for United States Senate is Mary Peltola.[4] Mary Peltola declared her candidacy for the United States Senate seat on January 12, 2026, and that same day created Alaskans for Mary, her campaign committee.[5] Her campaign is supported by the DSCC.[6]

---

"State"). Docket 1 at ¶¶ 11-14.

[2] Docket 15 at 1-4.

[3] *Sample Ballot, 2026 General Election, Federal Only*, Div. of Elections, State of Alaska, https://perma.cc/F6LLTKVC (last visited Oct. 28, 2026).

[4] Docket 5 at 4, 6; *see also Sample Ballot, 2026 General Election, Federal Only*, Div. of Elections, State of Alaska, https://perma.cc/F6LLTKVC (last visited Oct. 28, 2026).

[5] Docket 5 at 4.

[6] Docket 5 at 5.

Risé Roy and Jan Jakub Grzeda are both residents of Fairbanks, Alaska and are registered voters in Alaska.[7] Ms. Roy states she has "already voted early in the 2026 mid-term election, including for the office of United States Senator."[8] Mr. Grzeda "plan[s] to vote in the 2026 Midterm Elections, including the election for United States Senator."[9] The League of Women Voters of Alaska and Common Cause are "nonpartisan membership organizations dedicated to grassroots voter engagement."[10]

The United States initiated this action on October 22, 2026.[11] The United States seeks a court order to prevent Defendants from certifying the result of the November 2026 United States Senate election pending a court-ordered investigation if "(1) [Dan S.] Sullivan does not win the election; and (2) had all votes cast for Daniel J. Sullivan been cast instead for [Dan S.] Sullivan and Alaska's rank-choice process played out accordingly, [Dan S.] Sullivan would have won the election."[12] On October 23, 2026, the Proposed Intervenor-Defendants filed their

---

[7] Docket 6-2 at ¶ 2-3 (Roy Decl.); Docket 6-3 at ¶ 3 (Grzeda Decl.).

[8] Docket 6-2 at ¶ 3 (Roy Decl.).

[9] Docket 6-3 at ¶ 3 (Grzeda Decl.).

[10] Docket 7 at 3; *see also* Docket 6-4 at ¶¶ 3-9 (Moore Decl.); Docket 6-5 at ¶¶ 3-6 (Nunez Decl.).

[11] Docket 1.

[12] Docket 1 at ¶¶ 42-44.

Motions to Intervene.[13]

## LEGAL STANDARD

Federal Rule of Civil Procedure 24(a) requires district courts to allow a party to intervene as a matter of right if the party "claims an interest relating to the property or transaction that is the subject of an action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." This rule requires the movant to satisfy the following four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.[14]

Prospective intervenors bear the burden of establishing each of these elements, although "the requirements for intervention are [to be] broadly interpreted in favor of intervention."[15]

Rule 24(b) allows a district court to permit a party to intervene permissively if the party "has a claim or defense that shares with the main action a common

---

[13] Docket 5; Docket 6.

[14] *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (internal quotations omitted) (quoting *Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478, 1481 (9th Cir. 1993)).

[15] *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016) (alteration in original) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

question of law or fact."[16]

## DISCUSSION

### I. Proposed Campaign Intervenor-Defendants

In light of the United States' and the State's non-opposition to the Campaign's Motion to Intervene, and good cause being shown,[17] the Court finds that the Campaign's interests would be inadequately represented by the existing parties to this action and therefore the Campaign Intervenor-Defendants are entitled to intervene as of right.

### II. League of Women Voters

Proposed League of Women Voters Intervenor-Defendants maintain that they are entitled to intervene as a matter of right or, in the alternative, seek permissive intervention.[18] Regarding intervention as of right, the United States, "for purposes of [its] opposition, . . . assumes that Proposed Intervenors can satisfy the first three prongs of intervention as of right."[19] But as to the fourth element, the United States maintains that "Proposed Intervenors' Interests are already more than adequately represented by the State Defendants" and "[s]o they will not

---

[16] Fed. R. Civ. P. 24(b)(1)(A)–(B); *see also Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996) ("We have held that a court may grant permissive intervention where the applicant for intervention shows: (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.").

[17] *See Bost v. Illinois State Board of Elections*, 607 U.S. 71, 78-79 (2026).

[18] Docket 7 at 7-16.

[19] Docket 26 at 8.

meaningfully contribute to the development of any legal or factual issues in this case."[20] As to permissive intervention, the United States maintains that "no discretionary considerations support permissive intervention, either."[21]

The Court need not determine whether League of Women Voters are entitled to intervene as of right because the Court finds that their permissive intervention is warranted under Rule 24(b). In determining whether to allow permissive intervention, a court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[22] Other factors that courts often evaluate include "the nature and extent of the intervenors' interest," the "legal position [the intervenors] seek to advance," and "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."[23]

The United States' primary argument against permissive intervention by League of Women Voters is that their interests are adequately represented by the State. But the Ninth Circuit has held that "the government's representation of the public interest may not be 'identical to the individual parochial interest' of a

[20] Docket 26 at 11.

[21] Docket 26 at 2.

[22] Fed. R. Civ. P. 24(b)(3).

[23] *Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022) (citation omitted).

particular group just because 'both entities occupy the same posture in the litigation.'"[24] Therefore, it is not readily apparent that the State will adequately represent League of Women Voters' interests.

Further, in determining whether to grant permissive intervention, the Court must consider the "legal position [the intervenors] seek to advance."[25] As noted by League of Women Voters, they have advanced legal arguments in their proposed Motion to Dismiss that the State has not raised or developed in its Motion to Dismiss.[26]

In light of the foregoing, the Court finds that League of Women Voters "has a claim or defense that shares with the main action a common question of law or fact,"[27] intervention will not "unduly delay or prejudice the adjudication of the original parties' rights,"[28] and the discretionary factors favor granting permissive intervention.

---

[24] *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 899 (9th Cir. 2011) (quoting *WildEarth Guardians v. U.S. Forest Serv*., 573 F.3d 992, 996 (10th Cir. 2009)).

[25] *Callahan*, 42 F.4th at 1022 (citation omitted).

[26] Docket 30 at 4-5; *see also* Docket 6-1 at 18-21; *see generally* Docket 18.

[27] Fed. R. Civ. P. 24(b)(1)(B); *see also Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996) ("We have held that a court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.").

[28] Fed. R. Civ. P. 24(b)(3).

## CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Campaign Intervenor-Defendants' Motion to Intervene at Docket 5 is **GRANTED**. Further, Campaign Intervenor-Defendants' Motion for Leave to File Motion to Dismiss at Docket 8 is **GRANTED**; the Campaign's Motion to Dismiss at Docket 8-1 is ACCEPTED as filed.
2. League of Women Voters Intervenor-Defendants' Motion to Intervene at Docket 6 is **GRANTED**. League of Women Voters' Motion to Dismiss at Docket 6-1 is ACCEPTED as filed.
3. As previously ordered,[29] the United States shall file its response to Intervenor-Defendants' Motions to Dismiss **by Thursday, October 29, 2026, at 5:00 p.m.** Intervenor-Defendants may file replies **by Friday, October 30, 2026, at 2:00 p.m.**

DATED this 28th day of October, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

[29] Docket 15 at 5.