Thomas A. Lamb
PO Box 873485
Wasilla, AK 99687
(907) 306-5855
tlamb775@aol.com
Pro Se Amicus Curiae

RECEIVED
OCT 30 2026
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

STATE OF ALASKA; CAROL BEECHER, in her official capacity as Director of the Division of Elections of the State of Alaska; the ELECTION BOARDS OF THE STATE OF ALASKA; and the STATE BALLOT COUNTING REVIEW BOARD OF THE STATE OF ALASKA,

Defendants.

Case No. 3:26-cv-00376-SLG

**AMICUS CURIAE THOMAS A. LAMB'S SECOND AND FINAL NOTICE OF ADDITIONAL AUTHORITY**

Plaintiff has stated that it "intends to seek expedited discovery from the Campaign regarding the reported conspiracy." Dkt. 33. Its First Amended Complaint now rests on the same reports, Dkt. 43 ¶¶ 2, 21, 41, 48, and continues to seek an injunction against certification "pending an investigation to determine whether votes cast for Daniel J. Sullivan were meant to be cast for Senator Sullivan." *Id.* ¶ 57. Amicus Curiae Thomas A. Lamb respectfully notifies the Court of the following authority, which bears directly on that proposed discovery and investigation and on Arguments II and III.D of his proposed brief (Dkt. 4-1).

***Gonzales v. Madigan*, 990 F.3d 561 (7th Cir. 2021), *aff'g* 403 F. Supp. 3d 670 (N.D. Ill. 2019).** A primary candidate alleged that allies of his opponent had recruited two candidates with Hispanic surnames to split his support among Hispanic voters. After discovery, the district court granted summary judgment to the defendants because the allegation had been publicized before the election. The Seventh Circuit affirmed. It observed that the plaintiff "smelled a rat from the start and made that known to the electorate, which swept Madigan back into office anyway," *Gonzales v. Madigan*, No. 20-1874, slip op. at 3 (7th Cir. Mar. 8, 2021), and held: "Voters rather than judges must decide when one side has gone overboard." *Id.* at 5. The court declined to extend *Smith v. Cherry*, 489 F.2d 1098 (7th Cir. 1973). *Id.* at 6.

The allegation that Daniel J. Sullivan's candidacy was intended to divert votes was public from the Director's June 2026 finding and the ensuing litigation in the Alaska courts, months before voting began; the reports on which Plaintiff now relies were published on October 28, 2026, together with the denials of those named. Under *Gonzales*, an allegation that a candidate was recruited, made known to voters before the election, does not give rise to a federal claim, even when it is asserted by a candidate on his own behalf. The discovery and investigation Plaintiff proposes would therefore be directed to an allegation that, even if established, could not cure the absence of a claim under the National Voter Registration Act, and could not disclose how any voter intended to vote. *See also* Dkt. 31 (citing *Miller v. Treadwell*, No. 3:10-cv-0252-RRB, Dkt. 88 at 10 (D. Alaska Dec. 28, 2010)).

Mindful of the expedited schedule, Amicus submits this as his final notice and does not intend to file further notices of additional authority.

DATED: October 30th, 2026, at Wasilla, Alaska.

Respectfully submitted,

Thomas A. Lamb
PO Box 873485
Wasilla, AK 99687
(907) 306-5855
tlamb775@aol.com
Pro Se Amicus Curiae

**CERTIFICATE OF SERVICE**

I certify that on ____________________, 2026, I served a true copy of the foregoing Second and Final Notice of Additional Authority by first-class United States mail, postage prepaid, addressed as follows:

Stanley E. Woodward, Jr., U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530 *(Counsel for Plaintiff)*

E. Bryan Wilson, Assistant U.S. Attorney, 222 West Seventh Avenue, #9, Room 253, Anchorage, AK 99513-7567 *(Counsel for Plaintiff)*

Margaret Paton Walsh and Laura F. Fox, Assistant Attorneys General, Alaska Department of Law, 1031 W. 4th Avenue, Suite 200, Anchorage, AK 99501 *(Counsel for Defendants)*

Thomas P. Amodio and Kevin M. Boots, Reeves Amodio LLC, 500 L Street, Suite 300, Anchorage, AK 99501 *(Counsel for Intervenor-Defendants Alaskans for Mary and DSCC)*

Eric Glatt and Cindy Woods, ACLU of Alaska Foundation, 1057 W. Fireweed Lane, Suite 207, Anchorage, AK 99503 *(Counsel for Intervenor-Defendants Risé Roy, Jan Jakub Grzeda, League of Women Voters of Alaska, and Common Cause)*

Thomas A. Lamb