THE STATE of ALASKA
GOVERNOR MIKE DUNLEAVY

Office of the Lieutenant Governor
DIVISION OF ELECTIONS
Office of the Director
240 Main Street, Suite 400
PO Box 110017
Juneau, Alaska 99811-0017
Main: 907.465.4611

June 15, 2026

Mr. Daniel J. Sullivan
P.O. Box 1656
Petersburg, AK 99833

Dear Mr. Sullivan:

On Wednesday, June 10, I advised you that the Division of Elections had received two complaints regarding your eligibility for the office of United States Senator. In that letter, I forwarded these complaints which were filed by Stacey C. Stone on behalf of Carmela Warfield, the Chairman of the Alaska Republican Party.

I notified you that based on a review of the evidence presented and in the Division's possession, the Division has determined that the preponderance of evidence does not support your eligibility for the office of United States Senator. Pursuant to 6 AAC 25.260, I offered you the opportunity to submit additional information and evidence to respond to these complaints and support your eligibility by 5:00 p.m., June 11, 2026. You did not submit additional information and evidence to respond to the complaints.

It is my final determination under 6 AAC 25.260 that the preponderance of the evidence does not support your eligibility for the office of United States Senator. This letter will briefly summarize the basis for my final determination.

Alaska Statute 15.25.060 requires me to "place the names of all candidates who have properly filed" a declaration of candidacy on the primary election ballot. Declarations of candidacy are filed under oath and state, among other things, that the filer is in fact a candidate for the office for which the declaration is filed. 6 AAC 25.212 forbids me from placing a name on the primary election ballot "in a manner that is confusing or misleading to voters or compromises the fairness or neutrality of the ballot."

On review of the complaints and other information in the Division's possession, I conclude that your declaration of candidacy was not properly filed with the Division because it was not filed in order to declare an actual good-faith candidacy for the office of United States Senator, but was instead filed with a purpose to confuse or mislead and to thereby compromise the ballot's fairness or neutrality. I highlight several facts that taken together bring me to this conclusion.

(1) You requested to access the ballot under the name "Dan Sullivan" even though it appears from Division records that you have never registered to vote or sought ballot access under this name. Our records indicate that you are registered to vote under the name "Daniel J. Sullivan, Jr." That you chose the occasion of your declaration of candidacy for U.S. Senate to seek ballot access under a name you have not used in your interactions with the Division suggests—and in

combination with the additional facts I outline in this letter leads me to conclude—that you are seeking to confuse yourself with another candidate in the race, the incumbent Senator Dan Sullivan, rather than distinguish yourself from him. Indeed, you yourself appeared to be confused when you initially emailed the Division asking to be listed on the ballot as "Dan S. Sullivan." "S" is Senator Sullivan's middle initial, not yours.

(2) You requested to be designated on the ballot as affiliated with the Republican Party. Until two days before you filed your declaration of candidacy, you had never—according to the Division's records—been affiliated with the Republican Party in Alaska. Of course, under Alaska law, you are free to change your party affiliation. This said, that you chose to change your affiliation to the same political party—one you'd never affiliated with before—as the incumbent Senator immediately before filing a declaration of candidacy in which you asked to access the ballot under the same name – in a shortened form you'd never used before - as the incumbent Senator strongly suggests an intent to confuse yourself with the incumbent Senator rather than to distinguish yourself from him.

(3) Your public campaign website (https://www.sullivanforsenate.com/) uses a format, color scheme and overall theme similar to the public website for Senator Sullivan's campaign (https://dansullivanforalaska.com/). While the Division takes no position on whether you have appropriated the intellectual property of Senator Sullivan's campaign, the similarity—particularly in light of the other facts I outline in this letter—appears to be deliberate. This again suggests an intention not to distinguish yourself from the incumbent Senator as any candidate genuinely seeking office would do, but to confuse Alaskans as to which "Dan Sullivan" is which.

(4) A political consultant you have admitted is working with your campaign is a known longtime supporter of Democratic candidates including the primary Democratic challenger to Senator Sullivan. This consultant's work on your behalf is, in isolation, innocuous. Alongside the other facts I have catalogued in this letter, however, it suggests a determined effort and a deliberate attempt to use the similarity of your name to confuse Alaska voters in the upcoming primary election.

In light of these unique, and to my knowledge utterly unprecedented facts (circumstances unlike any previously presented to the Division), I am forced to conclude that your declaration of candidacy, in which you stated under oath that you "declare myself to be a candidate for the office of United States Senator" was not filed in good faith for the purpose of genuinely pursuing election as Alaska's U.S. Senator. Rather, these facts force the conclusion that your declaration of candidacy was filed with the purpose of confusing or misleading the electorate and compromising the fairness of the ballot by attempting to access the ballot under a version you have never used ("Dan Sullivan") and with a party affiliation (Republican) that you have never before professed. Indeed, I conclude that the preponderance of the evidence is that you chose this new nickname and party affiliation because that name and party affiliation happen to be the name and party affiliation of another candidate in the race.

A declaration of candidacy filed for the purpose of confusing or misleading voters and compromising the fairness of the ballot is not properly filed as required by Alaska Statute 15.25.060. As such, I am unable to maintain your declaration of candidacy and I am de-certifying your candidacy for United States Senator. This decision is made pursuant to 15.25.042 and 6 AAC 25.260 along with other relevant provisions of law. Pursuant to 6 AAC 25.260(i), my determination in this matter is final. Although you

have 30 days to appeal this decision, if you intend to challenge the decision and seek judicial relief in Alaska Superior Court to be placed on the ballot, be aware ballots are printed on June 28.

Sincerely,

Carol Beecher
Director

cc: Lt. Governor Nancy Dahlstrom