STANLEY E. WOODWARD, JR.
Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Phone: (202) 514-9500
Email: Stanley.Woodward@usdoj.gov

MICHAEL J. HEYMAN
United States Attorney

E. BRYAN WILSON
Assistant U.S. Attorney
U.S. Attorney's Office
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Bryan.Wilson@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

United States of America,

Plaintiff,

v.

State of Alaska; Carol Beecher, in her official capacity as Director of the Division of Elections of the State of Alaska; the Election Boards of the State of Alaska; and the State Ballot Counting Review Board of the State of Alaska.

Defendants,

and

Civ. No. 3:26-cv-00376-SLG

**PLAINTIFF THE UNITED STATES OF AMERICA'S COMBINED FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST REQUESTS FOR ADMISSIONS**

**Attachment A**
**Page 1 of 18**

Alaskans for Mary, Democratic Senatorial Campaign Committee Risé Roy, Jan Jakub Grzeda, League of Women Voters of Alaska, and Common Cause,

Intervenor-Defendants.

TO: Intervenor-Defendant Alaskans for Mary through its counsel

Pursuant to Rules 33, 34 and 36 of the Federal Rules of Civil Procedure, Plaintiff the United States of America ("United States") requests that Intervenor-Defendant Alaskans for Mary, within thirty days, or within such time as the Court may allow or the parties agree: (1) answer the following Interrogatories, signed and under oath; (2) produce documents responsive to the Request for Production of Documents and (3) answer the following Requests for Admission.

## A. INSTRUCTIONS:

1. The Interrogatories that are divided into subparts are to be answered separately as to each subpart contained therein, rather than as a single statement or paragraph intended to encompass the response to all parts contained in the Interrogatory.

2. When you believe that a complete answer to a particular Interrogatory or part of an Interrogatory is not possible, answer such Interrogatory to the extent possible and furnish a statement explaining the reason for inability to answer further.

3. In these Combined Discovery Requests, the singular shall be deemed to encompass the plural, and the plural shall be deemed to encompass the singular.

4. In these Combined Discovery Requests, the feminine pronouns shall include the masculine pronouns, and the masculine shall include the feminine.

5. Your attention is directed to Rules 33, 34 and 34(b) of the Federal Rules of Civil Procedure, which provides a party who produces documents for inspection "shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." In this connection, and for the purposes of illustration, it is requested that all documents be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in the same form and manner as they were found. If you choose to produce the documents requested corresponding with the categories in the Requests, it is requested that you also identify the file folders, drawers or cartons in which the documents were originally maintained and the person or persons in whose custody or control such files are or were maintained. Any response to these Document Requests shall set forth the Document Request in full before each response. If, after a good faith search, you conclude that there never have been documents responsive to a particular Document Request, so state.

6. The United States' First Request for Production of Documents accompanies The United States' First Set of Interrogatories. These Document

Requests refer to those Interrogatories and Defendant's responses to these Document Requests should refer to the Interrogatories by number.

**B. DEFINITIONS:**

**Persons and Entities:**

1. "Defendant," "you", "your" or "their", refer to the named Intervenor Defendant in this litigation, Alaskans for Mary, on its own behalf and its agents, predecessors, attorneys, employees, healthcare professionals, administrators, executives, representatives, or any other persons acting or purporting to act on its behalf.

2. "United States" to the named Plaintiff in this litigation, the United States of America, including its agents, representatives, attorneys and all other persons acting for or on its behalf.

**Terms:**

3. "Each and every fact" includes, but is not limited to, identifying, (as that term is defined in Definitions 1 and 2 above) all persons and all documents, as well as specifying any places, dates, exact words used in conversations (or substance of conversations if exact words are not remembered), acts, events, and occurrences.

4. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The use of the

words "include(s)" and "including" shall be construed to mean “without limitation."

5. The term “document” is intended to have the broadest permissible meaning under the Federal Rules of Civil Procedure and refers to tangible things now or ever in your possession. By way of example, “document” includes, but is not limited to, computer discs, tapes, printouts, e-mails, and any handwritten, typewritten, printed, electronically-recorded, taped, graphic, machine-readable, or other material, of whatever nature and in whatever form, including all non-identical copies and drafts thereof, and all copies bearing any notation or mark not found on the original; and includes each copy of a document that contains any attachment, notes, or markings which are in the possession or control of the answering party.

6. "Identify" and/or "identity," when used in reference to a document, means to provide as to each such document the following information: its date and author, the specific type of document (i.e. letter, memorandum, telegram, email, text message, facsimile, chart, etc.) or other means of identifying it, the name and address of each signatory, the name and address of each person receiving a copy of the document or designated as a recipient, and its present location and/or custodian. If any such document was but is no longer in your possession or subject to your control, state what disposition was made of it and the date of such disposition. With respect to document identification, documents prepared

subsequent to or prior to the time period specified in the Interrogatory but which relate or refer to such time period are to be included.

7. "Identify" and/or "identity," when used in reference to a person, means to provide as to each such person the following information: his, her or its full name and present address, present or last known position or business affiliation, position and business affiliation at the time in question and his, her or its status or relationship, if any, to the Defendant.

8. "Including," when used in these Discovery Requests as requesting certain specified information, should be understood to mean "including but not limited to" such specific information.

9. "Oral communications" means any and every form of non-written communication between or involving two or more persons, including but not limited to meetings, conferences, telephone conversations and discussions, by whenever means accomplished.

10. "Person" should be understood to refer equally to natural persons or entities. Entities includes, but is not limited to, corporations, partnerships, non-profit corporations, limited liability companies, limited liability partnerships, entities, firms, joint ventures, associations or other entities, as the case may be.

11. "Specify in all possible detail" or "specifying in all possible detail" means to describe completely and accurately to the best of your ability the subject

matter about which inquiry is made, using the most factual statements of which you are capable.

12. "Daniel Sullivan" refers to the person who as of October 27, 2026 is a candidate for election to the U.S. Senate from the State of Alaska in the November 3, 2026 general election, Daniel J. Sullivan, Jr.

13. "Senator Dan S. Sullivan" refers to the sitting and incumbent U.S. Senator for the State of Alaska, Dan S. Sullivan.

14. "New York Times Article" refers to the October 28, 2026 article in the New York Times authored by Kellen Browning and attached as Exhibit 1 to these Discovery Requests.

**C. <u>TIME PERIOD</u>.**

Unless otherwise specified or indicated, either directly or indirectly, each Interrogatory set forth herein calls for information for a period from January 1, 2024 continuing up to and including the date these Interrogatories are answered. If any Answers to the Interrogatories do not apply to this entire time frame, or if more than one Answer is not applicable to the entire time frame, Answers for each relevant time frame during the aforesaid overall time frame should be set forth together with the specific date establishing the time from when such Answers were applicable.

Unless otherwise specified or indicated, either directly or indirectly, each Document Request calls for all documents generated, prepared or received during

the period from January, 2024 and continuing up to and including the date of production, or which refer to matters occurring within such time frame. Plaintiff reserves the right to request additional documents.

**D. <u>PRIVILEGED OR PROPRIETARY MATTER</u>.**

If any Document Request herein is deemed to call for the production of privileged or work product materials and such privilege or work product is asserted, identify in writing each documents so withheld and provide the following information:

1. The reason for withholding the documents;

2. A statement for the basis for the claim of privilege, work product or other ground of non-disclosure; and

3. A brief description of the document, including:

   (a) the date of the document;

   (b) the number of pages, attachments and appendices;

   (c) the name of its author (s), or preparer(s), and identification by employment and title of each such person;

   (d) the name of each person who was sent, shown, or copied the document or has had access to or custody of the document, together within identification of each such person;

   (e) the present custodian; and

(f) the subject matter of the document, and in the case of any document relating or referring to an oral conversation, identification of such meeting or conversation.

If any Document Request is deemed to call for disclosure of proprietary data within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, the United States is prepared to receive such data pursuant to an appropriate order with respect confidentiality.

**E. <u>LOST OR DESTROYED DOCUMENTS</u>.**

If any document requested herein was one time in existence, but has been lost, discarded or destroyed, identify such document as completely as possible, providing as much of following information is possible:

(a) the type of document;

(b) its date;

(c) the date or approximate date it was lost, discarded or destroyed;

(d) the circumstances and manner in which it was lost, discarded or destroyed;

(e) the reason or reasons for disposing of the document (if discarded or destroyed);

(f) the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document;

(g) the identity of the person (s) who lost, discarded or destroyed a document; and

(h) the identity of all persons having knowledge of the contents of any such document.

**F. <u>INTERROGATORIES</u>.**

**<u>INTERROGATORY NO. 1</u>:**

Identify each person who prepared or participated in the preparation of the responses to these interrogatories and, as to each interrogatory, state the name of each person who supplied information for the response to the interrogatory; and with respect to each such person, specifying in all possible detail, each and every fact of which each such identified person has knowledge and each and every document which discusses, reflects, refers, or relates to any such fact.

**<u>INTERROGATORY NO.2</u>:**

Identify each and every person likely to have discoverable information—along with the subjects of that information—that you may use to support your claims or defenses.

**<u>INTERROGATORY NO.3</u>:**

Identify each and every person with knowledge or information regarding the Complaint, the Amended Complaint, any Answer filed by any Defendant or any responsive pleading filed by any Defendant under Rule 12, and with respect to each such person identified, set forth the knowledge or information each such person possesses.

**<u>INTERROGATORY NO.4</u>:**

Identify each document that you reviewed or relied on in preparing responses to these discovery requests.

**<u>INTERROGATORY NO.5</u>:**

Identify each person that you expect to call as an expert witness at trial, and, with respect to each expert, state the subject matter on which the expert is expected to testify, the assessment of the facts and opinions of which the expert is expected to testify, a summary of the grounds for each opinion, and the identity of all documents or other items the expert reviewed or relied upon in forming such opinions.

**INTERROGATORY NO.6:**

If you have taken any statements from anyone concerning the subject matter of this lawsuit, then as to each such statement state:

(1) the name, address, present employer, and present position of each person whose statement has been taken;
(2) the name, address, present employer, and present position of each person who presently has custody or control of each such statement; and
(3) the name, address, present employer, and present position of each person who took each statement.

**INTERROGATORY NO.7:**

With respect to the following quote from page 1 of 12 from the New York Times Article:

> "In the summer of 2025, a staffer for Mary Peltola, the Alaska Democrat who was eyeing a run for Senate, received unusual instructions from top campaign aides: Find as many people named Dan Sullivan in Alaska as you can"

specify in all possible detail each and every fact related to the material set forth in this quote including, but not limited to, the identity of the "staffer for Mary Peltola," the identity of the "top campaign aides," each and every "instruction" received by "Mary Peltola's" "staffer," the date on which the "instructions" were "received," and the identity of each and every document which discusses, reflects, refers or relates to the sentence from the New York Times Article quoted in this Interrogatory.

**INTERROGATORY NO. 8:**

Identify each and every contact made between you, or anyone acting on your behalf, with Fake Daniel Sullivan and with respect to each such contact, specify in all possible detail each and every fact related to the contact including, but not limited to, the identity of each and every person acting on behalf of Defendant who made the contact, how the contact was made (i.e., by phone, text or in person) and the identity of each and every document which discusses, reflects, refers or relates to each such identified contact.

**INTERROGATORY NO. 9:**

With respect to the following quote from page 1 of 12 from the New York Times Article:

> "[N]ot only did Ms. Peltola's team work with people trying to recruit Mr. Sullivan to run for Senate, but the effort was much broader. The group worked to coax other would-be spoilers into the race, to dilute the incumbent's support and help catapult the Democrat to victory."

specify in all possible detail each and every fact related to the material set forth in this quote including, but not limited to, the identity of each and every person on "Ms. Peltola's team," the identity of each and every person on "Ms. Peltola's team," the identity of each and every "other would-be spoilers" "Ms. Peltola's team" or "group" "work[ed] to coax" into entering into the campaign for the U.S. Senate election in Alaska in 2026 as a candidate top campaign aides," and the identity of each and every document which discusses, reflects, refers or relates to the quoted material from the New Times Article set forth above in this Interrogatory No. 9.

**INTERROGATORY NO. 10:**

With respect to the following quote from page 2 of 12 from the New York Times Article:

> "secret trips to far-flung Alaskan communities and the appearance of a mysterious Midwestern operative, who traversed the state using a fake name and made his pitch to would-be candidates over beers at brew pubs"

specify in all possible detail each and every fact related to the material set forth in this quote including, but not limited to, the identity of each and every "secret trip made to far flung Alaskan communities," the identity of the "mysterious Midwestern operative," the identity of each and every brew pub and the identity of

each and every document which discusses, reflects, refers or relates to the sentence from the New Times Article quoted in this Interrogatory.

**INTERROGATORY NO. 11:**

With respect to the following quote from page 3 of 12 from the New York Times Article:

> "It also involved the Peltola campaign's lawyers, as well as senior aides at the Democratic Senatorial Campaign Committee, which directs the party's campaign strategy in Senate races across the country. From Washington to Anchorage, those advisers participated in regular conversations about the effort and even considered forming a new political party to draw conservatives onto the ballot."

specify in all possible detail each and every fact related to the material set forth in this quote including, but not limited to, the identity of each and every one of "Peltola campaign's lawyers," each and every "senior aide[] at the Democratic Senatorial Campaign Committee," the substance of each and every "regular conversations about the effort," the substance of each and every "conversation" about "consider[ing] forming a new political party to draw conservatives onto the ballot," and the identity of each and every document which discusses, reflects, refers or relates to the sentences from the New York Times Article quoted in this Interrogatory.

**INTERROGATORY NO. 12:**

With respect to the following quote from page 3 of 12 from the New York Times Article:

> "On Tuesday, Ms. Peltola will be the only Democrat on the ballot, facing off against the two Mr. Sullivans and a long-shot candidate named Gerald Heikes who was also recruited into the race, according to The Times's reporting."

specify in all possible detail each and every fact related to any contacts between you, or anyone acting on your behalf, and Gerald Heikes including, but not limited to, the identity of each and every person acting on behalf of you in contacting Gerald Heikes the substance of each and every contact, how the contact was made (i.e., by phone, text or in person) and the identity of each and every document which discusses, reflects, refers or relates to each such identified contact.

**INTERROGATORY NO. 13:**

Identify each and every contact you have had with Elisa Rios after Elisa Rios was no longer working for you including, but not limited to, the identity of each and every person making such contact, the type of contact (i.e., phone, text, email or in person), the substance of the contact and each and every document which discusses, reflects, refers or relates to each such identified contact.

**INTERROGATORY NO. 14:**

Identify each and every contact you have had with 49th State PAC, as that entity is referred to on page 5 of 12 on the New York Times Article, including, but not limited to, the identity of each and every person making such contact, the type of contact (i.e., phone, text, email or in person), the substance of the contact and each and every document which discusses, reflects, refers or relates to each such identified contact.

**INTERROGATORY NO. 15:**

Identify each and every contact you have had with Wingspan Strategies, as that entity is referred to on page 5 of 12 on the New York Times Article, including, but not limited to, the identity of each and every person making such contact, the type of contact (i.e., phone, text, email or in person), the substance of the contact and each and every document which discusses, reflects, refers or relates to each such identified contact.

**INTERROGATORY NO. 16:**

With respect to the following quote from page 8 of 12 from the New York Times Article:

> "Do we have a scheme for you," wrote a consultant for the Peltola campaign. A pollster on the chat wrote that one voter seemed like the perfect audience "for our ballot strategy plan :)"

specify in all possible detail each and every fact related to the material set forth in this quote including, but not limited to, the identity of the "consultant" who wrote ""Do we have a scheme for you," the identity of "pollster on the chat" who wrote that "one voter seemed like the perfect audience 'for our ballot strategy plan :),'"

and the identity of each and every document which discusses, reflects, refers or relates to each such quoted material.

**INTERROGATORY NO. 17:**

With respect to the "detailed list of questions provided by The Times" as referred to on page 4 of 12 in the New York Times Article, specify in all possible detail why you did not respond to the list of questions.

**INTERROGATORY NO. 18:**

With respect to the following quote from page 9 of 12 from the New York Times Article:

> "That Democrat, a progressive named David Leslie, quickly faced calls from his party to withdraw. One of those callers, Mr. Leslie said in an interview, was Jerid Kurtz. Mr. Kurtz met with Mr. Leslie in person, at a cafe in Fairbanks, according to a person familiar with the exchange. Mr. Leslie soon agreed to drop out. "I'm really proud of the action you took today," Mr. Kurtz wrote to Mr. Leslie on Aug. 31, the day he dropped out, in a text message viewed by The Times.

specify in all possible detail each and every fact related to the material set forth in this quote including, but not limited to, the identity of the "café in Fairbanks" where Mr. Leslie met with Mr. Kurtz, each and every contact Mr. Kurtz made with you regarding Mr. Leslie dropping out of the campaign, and the identity of each and every document which discusses, reflects, refers or relates to each such quoted material.

**INTERROGATORY NO. 19:**

With respect to the following quote from pages 9-10 of 12 from the New York Times Article:

> "There were also efforts to support the new candidates financially. Back in March, Peltola campaign employees had dinner with a local political consultant named Jim Lottsfeldt. Mr. Lottsfeldt, who works with super PACs aligned with Ms. Peltola, agreed to lead an effort to boost the long-shot Senate candidates with outside spending, said Ms. Rios, who was among the attendees"

specify in all possible detail each and every fact related to the material set forth in this quote including, but not limited to, the identity of the "Peltola campaign employees [who] had dinner with a local political consultant named Jim Lottsfeldt," and the identity of each and every document which discusses, reflects, refers or relates to each such quoted material.

**INTERROGATORY NO. 20:**

With respect to the following quote from pages 12 of 12 from the New York Times Article:

> "Other Dan won, will be on ballot," Shelbi Dantic, a D.S.C.C. employee, wrote in an internal group chat"

specify in all possible detail each and every fact related to the material set forth in this quote including, but not limited to, the identity of each member of the internal group chat and the identity of each and every document which discusses, reflects, refers or relates to the quoted material set forth above.

**INTERROGATORY NO. 21:**

With respect to each and every Request for Admissions which you do not unequivocally admit, specify in all possible detail each and every fact as why you cannot unequivocally admit such Request for Admission including, but not limited to, the identity of each and every person with knowledge of any facts as to why you cannot unequivocally admit such Request for Admission and the identity of each and every document which discusses, reflects, refers or relates to any fact as to why you cannot unequivocally admit such Request for Admission.

**G. REQUESTS FOR PRODUCTION OF DOCUMENTS.**

**REQUEST NO.1:**

Each and every document which discusses, reflects, refers or relates to any fact, allegation, defense, denial or otherwise contained in either the Complaint, the Amended Complaint, any Answer filed by any Defendant or any responsive pleading any Defendant files under Rule 12.

**REQUEST NO.2:**

Produce each and every document which discusses, reflects, refers or relates to the

"ballot composition project" as referred to on page 2 of 12 in the New York Times Article.

**REQUEST NO.3:**

Produce each and every document which discusses, reflects, refers or relates to "a detailed list of questions provided by The Times" as referred to on page 4 of 12 in the New York Times Article.

**REQUEST NO.4:**

Each and every document which discusses, reflects, refers or relates to the quoted material on page 12 of 12 from the New York Times Article, "'Other Dan won, will be on ballot,' Shelbi Dantic, a D.S.C.C. employee, wrote in an internal group chat."

**REQUEST NUMBER 5:**

Each and every document identified in response to any Interrogatory.

**H. REQUESTS FOR ADMISSIONS.**

**REQUEST NO.1:**

Admit Elisa Rios is a former campaign manager for you.

**REQUEST NO.2:**

Admit that Elisa Rios met with Jerid Kurtz.

**REQUEST NO.3:**

Admit that Ms. Rios met Anton McParland.

**REQUEST NO.4:**

Admit that Elisa Rios has met with employees, including "aides," of Intervenor Defendant the Democratic Senatorial Campaign Committee.

**REQUEST NUMBER 5:**

Admit you received "a detailed list of questions provided by The Times" as referred to on page 4 of 12 in the New York Times Article.

DATED: October 30, 2026

/s/ Stanley Woodward
Stanley E. Woodward, Jr.
*Associate Attorney General*
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Phone: (202) 514-9500
Email: Stanley.Woodward@usdoj.gov

MICHAEL J. HEYMAN
United States Attorney

E. BRYAN WILSON
Assistant U.S. Attorney
U.S Attorney's Office
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Bryan.Wilson@usdoj.gov

**Certificate of Service**

I hereby certify that on October 30, 2026, a true and correct copy of the foregoing document was served electronically through the CM/ECF system upon all case participants who are registered CM/ECF users.

/s/ E. Bryan Wilson
Office of the U.S. Attorney