STANLEY E. WOODWARD, JR.
Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Phone: (202) 514-9500
Email: Stanley.Woodward@usdoj.gov

MICHAEL J. HEYMAN
United States Attorney

E. BRYAN WILSON
Assistant U.S. Attorney
U.S. Attorney's Office
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Bryan.Wilson@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

United States of America,

Plaintiff,

v.

State of Alaska; Carol Beecher, in her official capacity as Director of the Division of Elections of the State of Alaska; the Election Boards of the State of Alaska; and the State Ballot Counting Review Board of the State of Alaska.

Defendants,

and

Civ. No. 3:26-cv-00376-SLG

**PLAINTIFF THE UNITED STATES OF AMERICA'S NOTICE OF RULE 30(b)(6) DEPOSITION OF INTERVENOR DEFENDANT DEMOCRATIC SENATORIAL CAMPAIGN COMMITTEE**

**Attachment D**
**Page 1 of 5**

Alaskans for Mary, Democratic Senatorial Campaign Committee Risé Roy, Jan Jakub Grzeda, League of Women Voters of Alaska, and Common Cause,

Intervenor-Defendants.

TO: Intervenor-Defendant Democratic Senatorial Campaign Committee through its counsel

Please take notice that Plaintiff the United States of America will, pursuant to Fed. R. Civ. P. 30 (b)(6), take the deposition of a designee of Intervenor Defendant Democratic Senatorial Campaign Committee by oral examination at the place, date, and time specified below:

**Place of Deposition:** **Date and Time:**

Pursuant to Rule 30 (b)(6) of the Federal Rules of Civil Procedure, Intervenor Defendant Democratic Senatorial Campaign Committee must designate one or more persons who consent to testify on its behalf at the taking of the deposition regarding the matters listed in Exhibit A to this Notice. Each person so designated must appear at the place, date, and time designated above. The deposition will take place before a court reporter who will record the deponents' testimony by audiovisual and stenographic means.

DATED: October 30, 2026

/s/ Stanley Woodward
Stanley E. Woodward, Jr.
*Associate Attorney General*
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Phone: (202) 514-9500
Email: Stanley.Woodward@usdoj.gov

MICHAEL J. HEYMAN
United States Attorney

/s/ E. Bryan Wilson
E. Bryan Wilson
Assistant U.S. Attorney
U.S. Attorney's Office
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Bryan.Wilson@usdoj.gov

**Exhibit A: Definitions and Description of Matters of Rule 30 (b)(6) Deposition of Alaskans for Mary**

**A. Definitions.**

The following definitions apply to this notice, unless context requires otherwise:

1. "DSCC" means Intervenor Defendant the Democratic Senatorial Campaign Committee.
2. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request as inclusive as possible.
3. "Includes" means "includes, but is not limited to." "Including" means "including, but not limited to."
4. "Document" is employed in its customary broad sense to mean the original and any non-identical copies of all written, graphic, or computer material of any kind or description, whether draft or final, typed, handwritten, printed, or otherwise, as well as any recording, photograph, photostat, microfilm, electronic record, digital record, or any other reproduction, including the following items: correspondence; communications; facsimiles; emails; text messages; handwritten notes; work papers; reports; memoranda; summaries or records of personal conversations or interviews; diaries; desk calendars; minutes or records of meetings; lists of persons attending meetings; opinions of counsel; opinions or reports of consultants; records or summaries of investigations; offers; records or summaries of negotiations; contracts; agreements; telephone records or call slips; expense reports; cables; teletype messages; forecasts; statistical statements; computer printouts; bills; receipts; checks; check books; invoices; microfilm or other data compilations; computer disks; computer hard drives; electromagnetic tape recordings; video recordings; other electronic recordings or transcriptions; photographs; films; articles of incorporation; bylaws; resolutions; directives; state and federal tax returns; financial statements; prospectuses; confirmations; statements of account; investment summaries; investment transaction records; accounting worksheets; calculations; ledgers; journal pages or other media forms; books or records of accounts; loan documents; appraisal records; press releases; newspapers; magazines; advertisements; periodicals; bulletins; circulars; brochures; letters; pamphlets; manuals; policies; applications; drafts and alterations of any document; original or preliminary notes; or marginal comments appearing on any document in the Department's possession, custody, or control, or available to the Department. Any documents bearing on any sheet or side thereof any marks, including initials, stamped indicia, any comment or

notation of any character and not a part of the original text, or a reproduction thereof, is to be considered a separate document for purposes of this notice.

5. The “New York Times Article” means the October 28, 2026 article in the New York Times written by Kellen Browning entitled “Inside Democrats’ Secret Effort to Stack Alaska’s Ballot” and attached to this Notice of Taking Deposition as Exhibit 1.

**B. Description of Matters on Which Examination is Requested.**

Examination is requested on the following matters:

1. The identification of each and every effort anyone employed or working with the DSCC made to ask, recruit, convince, coax or otherwise obtain the consent of any person to become a candidate in Alaska’s U.S. Senate election in 2026 other than Mary Peltola;
2. Any relationship the DSCC has with Wingspan Strategies including the amounts paid to Wingspan Strategies and the identification of each person with whom the DSCC worked with at Wingspan Strategies;
3. The DSCC’s relationship with Jerid Kurtz including any amounts paid to Jerid Kurtz or any organization Jerid Kurtz worked;
4. The DSCC’s relationship with Jim Lottsfeldt including any amounts paid to Jim Lottsfeldt or any organization Jim Lottsfeldt worked;
5. The identification of any internal chat group with person employed or working for Alaskans for Mary and anyone employed or working for the DSCC and, if such an internal chat group was established, the identification of each and every person in the chat group;
6. Each and every communication anyone working for or employed by the DSCC had with David Leslie regarding David Leslie’s campaign for the U.S. Senate as a candidate in Alaska’s U.S. Senate election in 2026;
7. Each and every communication the DSCC had with the New York Times related to the New York Times Article;
8. Each and every communication anyone acting on behalf of the DSCC had with Elisa Rios after Elisa Rios’ employment and/or work with Alaskans for Mary ended;
9. Each and every communication the DSCC had with U.S. Senate candidate Daniel J. Sullivan, Jr.; and
10. Any monies paid to U.S. Senate candidate Daniel J. Sullivan, Jr. from any source including from the DSCC or anyone acting on behalf of the DSCC.