RACHEL WITTY
CIVIL DIVISION DIRECTOR

Margaret Paton Walsh
Laura Fox
Assistant Attorneys General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-6612
Facsimile: (907) 269-3697
Email: margaret.paton-walsh@alaska.gov
laura.fox@alaska.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>State of Alaska; Carol Beecher, in her official capacity as Director of the Division of Elections of the State of Alaska; the Election Boards of the State of Alaska; and the State Ballot Counting Review Board of the State of Alaska,<br><br>Defendants. | Case No. 3:26-cv-00376-SLG<br><br>**DEFENDANTS' OPPOSITION TO MOTION FOR EXPEDITED CONSIDERATION OF MOTION FOR PRELIMINARY INJUNCTION** |

Defendants Carol Beecher, in her official capacity as Director of the Division of Elections of the State of Alaska; the Election Boards of the State of Alaska; and the State Ballot Counting Review Board of the State of Alaska (collectively, "the Division") oppose expedited consideration of the United States' motion for a preliminary injunction. The Court is already considering expedited briefing on motions to dismiss this entire

lawsuit.[1] Those motions explain why this lawsuit lacks any merit and thus, necessarily, why the United States cannot make the necessary merits showing to warrant any sort of preliminary injunction.[2] The Court need not—and should not—entertain preliminary injunction briefing before deciding whether this lawsuit can survive dismissal.

Even setting the merits aside, neither expedited consideration nor a preliminary injunction is necessary to preserve ballots. The United States does not explain its assertion that an order to preserve ballots "will be impossible after Election Day."[3] The Division does not destroy federal election ballots on Election Day, it preserves them for twenty-two months after the election (meaning that no court order either before or after the election is needed to accomplish this).[4] As for ballot segregation, voters' ballots are comingled in the ballot box on Election Day. Election workers cannot "segregate all ballots ranking Daniel J. Sullivan"[5] during the voting process without both violating the constitutional protections for ballot secrecy and "chang[ing] how voters may vote," an outcome that the United States expressly disavows in its opposition to the motions to

---

1 Dkt. 55, 57, 60.

2 *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

3 Dkt. 70 at 2.

4 6 AAC 25.230.

5 Dkt. 70 at 2.

dismiss.[6] Regardless, as already explained, the ballots (whether segregated or not) will not reveal any voter's reasons for voting for Daniel J.[7]

The United States' delay further undermines its request for expedited consideration. It waited until two weeks before Election Day to file a lawsuit about issues that arose months ago. It did not seek a preliminary injunction when it sued. The Division promptly moved to dismiss the complaint and the Court set expedited briefing. But rather than filing a substantive opposition to the Division's motion to dismiss on the Court's expedited schedule, the United States filed an amended complaint adding a second—but equally meritless—count (relying on the same underlying legal theory)[8] and then asserted that the Division's motion was moot, requiring the Division to file a second motion to dismiss. The United States has thus far only delayed the Court's ability to evaluate its claims. It cannot justify its belated request for speed.

The Court should deny the United States' request for expedited consideration of its motion for preliminary injunction. The Court should not require the Division or the intervenors to respond to that motion until after the Court has ruled on the pending motions to dismiss (and then, only if the Court declines to dismiss).

---

6 Dkt. 67 at 20 ("But the United States is *not asking* for *any change to how voters may vote*, who may vote, where they vote, or who they may vote for.") (Emphasis added).

7 Dkt. 55 at 20.

8 *See* Dkt. 43 at 19-20.

DATED: October 30, 2026.


RACHEL WITTY
CIVIL DIVISION DIRECTOR

By: */s/ Margaret Paton Walsh*
Margaret Paton Walsh
Laura Fox
Assistant Attorneys General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-6612
Facsimile: (907) 269-3697
Email: margaret.paton-walsh@alaska.gov
laura.fox@alaska.gov

**Attorneys for Defendants**


Certificate of Service

I hereby certify that on October 30, 2026, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:26-cv-00376-SLG who are registered CM/ECF users will be served by the CM/ECF system.

*/s/Margaret Paton Walsh*
Margaret Paton Walsh, Chief Assistant Attorney General