Cindy Woods (AK Bar # 2510078)
Eric Glatt (AK Bar # 1511098)
ACLU of Alaska Foundation
P.O. Box 90744
Anchorage, AK 99509
(907) 258-0044
cwoods@acluak.org

Ari Savitzky* (AK Bar # NA21918)
Ming Cheung*
Theresa J. Lee* (AK Bar # NA21922)
Garrett Muscatel*
Sophia Lin Lakin* (AK Bar # NA21593)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
asavitzky@aclu.org

*Attorneys for Intervenors Risé Roy, Jan Jakub Grzeda, League of Women Voters of Alaska, and Common Cause*

* *Admitted pro hac vice*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br>v.<br><br>STATE OF ALASKA, *et al.*,<br><br>*Defendants*,<br><br>RISÉ ROY, *et al.*,<br><br>*Defendant-Intervenors*,<br><br>ALASKANS FOR MARY, *et al.*,<br><br>*Defendant-Intervenors*. | Case No. 3:26-cv-00376-SLG<br><br>**INTERVENORS RISÉ ROY, JAN JAKUB GRZEDA, LEAGUE OF WOMEN VOTERS OF ALASKA, AND COMMON CAUSE'S JOINDER IN OPPOSITION TO MOTION TO EXPEDITE** |

On October 28, Alaska voters Risé Roy and Jan Jakub Grzeda, and the League of Women Voters of Alaska and Common Cause, two non-partisan civil society organizations with thousands of Alaska voter members (collectively, the LWVAK Intervenors), were granted intervention as defendants in this action.[1] With their intervention motion, LWVAK Intervenors submitted a proposed motion to dismiss pursuant to Rule 12(b)(6) fully setting forth the grounds for immediate dismissal of the United States's frivolous, election-eve lawsuit seeking to block certification of Alaska's imminent U.S. Senate election.[2] On October 29, the United States filed an amended complaint adding another count to their pleading as well as additional allegations stemming from recent news reports.[3] LWVAK Intervenors filed an updated motion to dismiss that same day,[4] and the Court granted expedited consideration of that motion to dismiss on October 30.[5]

Despite this suit pending for more than a week, and only four days remaining until election day, the United States today filed a preliminary injunction motion on their baseless claims along with their opposition to the several motions to dismiss.[6] The United States

---

[1] *See* Dkt. No. 35; *see also* Dkt. Nos. 6-2, 6-3, 6-4, 6-5 (Declarations of Ms. Roy, Mr. Grzeda, and representatives from the League of Women Voters of Alaska and Common Cause).

[2] *See* Dkt. No. 6-1.

[3] Dkt. No. 43.

[4] Dkt. No. 60.

[5] Dkt. No. 64.

[6] Dkt. No. 66; *see also* Dkt. No. 67.

also seeks expedition of briefing and a decision on the motion, as well as various discovery requests not implicating the LWVAK Intervenors.[7]

LWVAK Intervenors now join in the recently-filed opposition of the State Defendants to expedition of the preliminary injunction and discovery motions.[8] Nothing in the United States' filings changes the fact that claims advanced in the Amended Complaint and preliminary injunction motion are entirely baseless, and the relief sought threatens Alaskans' right to vote, and undermines the ongoing work of groups like the League of Women Voters of Alaska and Common Cause to encourage and promote civic participation and confidence in our form of government.[9] Because the Amended Complaint is utterly without merit, there is not good cause to expedite briefing on the United States' request; rather, the motions to dismiss should be resolved before any additional proceedings in the case. The public interest strongly favors the swift dismissal of the action with prejudice, not the additional expenditures of judicial and party resources on an expedited basis in the days before the election.[10] Moreover, the primary relief the United States seeks, "preservation" of ballots, is already required by federal law,[11] which

---

[7] Dkt. No. 70.

[8] *See* Dkt. No. 72.

[9] *See* Dkt. Nos. 6-4, 6-5.

[10] *See, e.g.*, *United States v. California*, No. 2:26-cv-12025, 2026 WL 3252428, at *1 (C.D. Cal. Oct. 28, 2026) ("If Plaintiff's last-minute request for relief were granted, either party could create chaos for their own political purposes to disrupt the election process.").

[11] *See* 52 U.S.C. §§ 20701–20706.

means there is even less need to consider the United States' irrelevant motion on an expedited basis.

LWVAK Intervenors accordingly join in the State Defendants' opposition to the motion to expedite and ask that the Court first consider the pending and soon-to-be fully briefed motions to dismiss.

## CONCLUSION

For the foregoing reasons, LWVAK Intervenors request that the United States' motion to expedite be denied.

DATED: October 30, 2026

Respectfully submitted,

/s/ Ari J. Savitzky

Ari Savitzky* (AK Bar # NA21918)
Ming Cheung*
Theresa J. Lee* (AK Bar # NA21922)
Garrett Muscatel*
Sophia Lin Lakin* (AK Bar # NA21593)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
asavitzky@aclu.org

** Admitted pro hac vice*

Eric Glatt (AK Bar # 1511098)
Cindy Woods (AK Bar # 2510078)
ACLU of Alaska Foundation
P.O. Box 90744
Anchorage, AK 99509
(907) 258-0044
cwoods@acluak.org
eglatt@acluak.org

*Attorneys for Intervenors Risé Roy, Jan Jakub Grzeda, League of Women Voters of Alaska, and Common Cause*

## WORD COUNT CERTIFICATION

I hereby certify that the foregoing document, exclusive of caption and signatures, contains less than 5,700 words typed in Times New Roman, 13-point font.

*<u>/s/ Ari Savitzky</u>*
Ari Savitzky
American Civil Liberties Union Foundation