# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

RECEIVED
NOV 03 2026
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

**UNITED STATES OF AMERICA,**
Plaintiff,

v.

**STATE OF ALASKA; CAROL BEECHER, in her official capacity; THE ELECTION BOARDS OF THE STATE OF ALASKA; and THE STATE BALLOT COUNTING REVIEW BOARD OF THE STATE OF ALASKA,**
Defendants.

Case No. **3:26-cv-00376-SLG**

---

# PROPOSED INTERVENOR DR. NEELAM TANEJA PERRY'S EMERGENCY MOTION FOR LEAVE TO INTERVENE , OR ALTERNATIVELY FOR PERMISSIVE INTERVENTION; MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF;

Proposed Intervenor Dr. Neelam Taneja Perry, appearing pro se, respectfully moves this Court:

1. For leave to intervene as a defendant pursuant to Federal Rule of Civil Procedure 24(a)(2), to the extent the Court determines that her interests satisfy that Rule;
2. Alternatively, for permissive, limited intervention pursuant to Rule 24(b)(1)(B);

3. If intervention is denied, for leave to participate as amicus curiae and to file the accompanying proposed amicus brief;
4. For leave to submit the accompanying materials out of time, to the extent required by the Court's existing expedited briefing schedule; and
5. For an order permitting the proposed brief to be considered without delaying the pending proceedings.

This motion is supported by the following memorandum, proposed limited answer and defenses, proposed amicus brief, declaration, and proposed order.

# I. INTRODUCTION

This case concerns the authority of the federal government to intervene in the administration and certification of a United States Senate election based upon alleged voter confusion.

The United States alleges that the presence of two candidates with similar names on the Alaska ballot creates a risk of voter confusion and seeks judicial relief affecting certification of the election.

Proposed Intervenor is a candidate who participated in the 2026 United States Senate election in Florida. She alleges that Florida election administrators mishandled her candidate party designation and ballot-access status, creating voter confusion and unequal treatment in the administration of a federal election.

Proposed Intervenor does not contend that the factual circumstances in Alaska and Florida are identical. Rather, the proceedings raise important questions concerning the scope and consistent

application of federal election authority, the protection of voters, and equal treatment under the law.

The President has publicly acknowledged directing the Department of Justice to pursue the Alaska litigation. That public statement makes the question of consistent and legally authorized federal election enforcement particularly relevant. The public reporting concerning the President's statement and the Alaska litigation is identified in the accompanying brief.

Proposed Intervenor seeks only a limited opportunity to present relevant legal arguments. She does not seek to delay the election, interfere with Alaska voters, or substitute her Florida election dispute for the claims actually before this Court.

# II. FACTUAL BACKGROUND AND INTEREST OF PROPOSED INTERVENOR

WwProposed Intervenor is Dr. Neelam Taneja Perry.

1. She was a candidate for the United States Senate in Florida in the 2026 election cycle.
2. She alleges that the Florida Division of Elections mishandled her candidate party designation and related ballot-access paperwork, resulting in an inaccurate or disputed party designation and unequal treatment in the administration of her candidacy.
3. She pursued state-court proceedings concerning those matters and subsequently filed a federal action in the United States District Court for the District of Columbia, *Perry v. Trump et al.*, Case No. 1:2026-cv-03133.

4. Her federal action raises issues concerning federal election enforcement, equal treatment, and the conduct of election administrators. The allegations in that action remain allegations and have not been adjudicated on their merits.
5. The Alaska action raises a related legal question: under what circumstances, and within what statutory and constitutional limits, may the federal government intervene in the administration or certification of a state's United States Senate election based upon alleged voter confusion?
6. Proposed Intervenor seeks to present her perspective as a candidate in a separate federal election who alleges that federal election protections have not been applied consistently.
7. Proposed Intervenor recognizes that her Florida candidacy does not give her a personal interest in the identity of Alaska's winning candidate or in the individual votes cast by Alaska voters. Her request is limited to the common federal legal questions identified below.

# III. LEGAL STANDARD

## A. Intervention of Right — Rule 24(a)(2)

Rule 24(a)(2) permits intervention when the applicant establishes a timely application, a significantly protectable interest relating to the property or transaction at issue, practical impairment of that interest, and inadequate representation by existing parties.

Proposed Intervenor recognizes that the Court must independently determine whether her Florida candidacy and related federal litigation establish the required direct interest in this Alaska proceeding.

To the extent the Court determines that her interest is insufficient under Rule 24(a)(2), she requests the alternative relief described below.

## B. Permissive Intervention — Rule 24(b)(1)(B)

Rule 24(b)(1)(B) permits intervention when the proposed intervenor's claim or defense and the main action share a common question of law or fact.

The relevant common questions include:

- The scope of federal authority over state-administered elections for federal office;
- The statutory limits on federal intervention based upon alleged voter confusion;
- The proper relationship between federal election statutes and state authority to administer elections;
- The constitutional requirement that government action be administered consistently and without impermissible discrimination; and
- The appropriate limits on judicial relief affecting election administration and certification.

Proposed Intervenor requests only limited participation on these legal issues. She does not seek discovery, an evidentiary hearing, or an expansion of the factual record concerning Alaska's individual candidates.

## C. Alternative Amicus Participation

If the Court concludes that intervention is not appropriate, Proposed Intervenor requests leave to file the attached amicus brief.

The proposed brief is intended to assist the Court with the legal and constitutional questions raised by the federal government's requested relief. It does not ask the Court to decide the Florida case or grant relief in a separate proceeding.

# IV. ARGUMENT

## A. The federal government's authority must be determined by law, not political preference.

The United States has invoked federal election law to seek relief affecting the certification of Alaska's Senate election.

The Court must determine whether the statutes invoked by the United States authorize the particular relief requested. The fact that an election concerns federal office does not eliminate the constitutional and statutory limits governing federal intervention in state election administration.

Proposed Intervenor does not ask this Court to resolve her Florida and D.C. claims. rather examine issues under

**Equal Protection — Fourteenth Amendment:** Federal election protections should not be selectively applied based on party affiliation.

**Equal treatment of candidates:** Candidate eligibility and ballot-access disputes should be evaluated under applicable law, not political preference.

**Consistent federal enforcement:** DOJ should explain the different treatment when presented with comparable federal-law violations.

**Federal election oversight:** Whether the federal government has authority to intervene must be determined by statute and constitutional authority, not by which party benefit

## B. The cases raise a legitimate question concerning consistent federal election enforcement.

Proposed Intervenor alleges that Florida election administrators mishandled her party designation and ballot-access paperwork, creating confusion concerning her candidacy.

In Alaska, the United States alleges that the presence of two candidates with similar names creates voter confusion.

These are different factual situations. Nevertheless, both involve alleged confusion in a United States Senate election and the government's response to that confusion.

The Court should distinguish between the existence of a legitimate statutory basis for federal action and the political consequences of that action.

## C. Equal protection principles require examination of government conduct.

The Fourteenth Amendment applies to state action, including alleged discriminatory treatment by state election administrators.

The Fifth Amendment's Due Process Clause also incorporates equal-protection principles applicable to the federal government.

Proposed Intervenor's position is that election protections should be applied consistently and that governmental decisions affecting candidates and voters must rest on lawful, non-discriminatory grounds.

She does not ask this Court to make a finding of discriminatory intent or election fraud in either Alaska or Florida. Those issues would require an appropriate evidentiary record.

## D. Federal election statutes must be applied within their statutory scope.

The Court should examine the actual statutory provisions invoked by the United States, the authority those provisions confer, and that the requested remedy is authorized by those provisions.

The Court should recognize that a general federal interest in election integrity independently authorizes every requested form of relief.

## E. Movant's Participation will not prejudice the existing parties.

Proposed Intervenor offers to limit her participation to the legal issues identified above.

She will accept the existing briefing schedule, subject to the Court's permission to submit her proposed brief. She does not request additional discovery or a postponement of any election-related deadline.

The Alaska action is proceeding on an expedited schedule. Proposed Intervenor requests leave to file the accompanying materials notwithstanding any applicable deadline.

She seeks this relief because the significance of the Alaska litigation to her existing federal election dispute became apparent as the proceedings developed and the government's asserted authority became clearer.

Her submission is limited and is not intended to reopen deadlines, delay adjudication, or interfere with the existing parties' briefing.

Proposed Intervenor will promptly comply with any additional filing or service requirements imposed by the Court.

# VI. RELIEF REQUESTED

WHEREFORE, Proposed Intervenor respectfully requests that the Court:

A. Grant intervention as of right under Rule 24(a)(2), if the Court finds the required interest and other elements established;

B. Alternatively, grant permissive limited intervention under Rule 24(b)(1)(B);

C. If intervention is denied, grant leave to file the accompanying amicus curiae brief;

D. Grant leave to file the accompanying materials out of time, if necessary;

E. Permit the Court to consider the proposed brief without delaying the existing proceedings; and

F. Grant such other relief as the Court deems just and proper.

Respectfully submitted,
N. Perry

**Dr. Neelam Taneja Perry**
Proposed Intervenor, pro se

S/Neelam Perry

P.O. Box 1002

Largo, FL 33779

Tel.: (727) 403-0022;

Email: nneelu123@aol.com

Date: 10/29/2026

# ATTACHMENT A

# PROPOSED LIMITED ANSWER OF PROPOSED INTERVENOR

Proposed Intervenor submits this proposed pleading solely to satisfy Rule 24(c), should the Court grant intervention. It is not intended to assert independent claims concerning Florida or to introduce new factual allegations concerning Alaska.

## Preliminary Statement

Proposed Intervenor seeks to participate solely concerning the statutory and constitutional limits of federal intervention in state-administered federal elections.

## Responses

1. Proposed Intervenor lacks personal knowledge sufficient to admit or deny the factual allegations concerning the individual Alaska candidates, Alaska election officials, or the internal administration of Alaska's election. Those allegations are therefore not admitted and are left to the proof and record in this action.
2. Proposed Intervenor does not admit that the United States has established a statutory entitlement to the specific relief requested in its complaint.
3. Proposed Intervenor requests that the Court independently determine whether the statutes cited by the United States authorize the requested restrictions on election certification.

a) And recognize that Federal intervention is appropriate under narrow exceptions to abstention doctrine.

See: Younger v. Harris; Dombrowski v. Pfister

b) VIOLATION OF FIRST AMENDMENT (FAIR POLITICAL COMPETITION)

Plaintiff realleges all prior paragraphs.

1)The use of misleading "Party" labeling:

2) distorts the electoral marketplace of ideas
3) burdens Plaintiff's political speech and candidacy.

4) voter endorsement

5) electoral legitimacy

6) continuity of democratic selection

C) In the context of placement on the ballot, if this designation is:

- materially misleading
- factually incomplete
- prejudicial to opposing candidate.

**d)** The State may not structure elections in a way that artificially advantages one candidate through misleading governmental labeling.

**e)** VIOLATION OF FOURTEENTH AMENDMENT (EQUAL PROTECTION)

Plaintiff is treated unequally compared to a candidate given state-endorsed status signaling electoral legitimacy.

This creates:

- an uneven playing field
- arbitrary and irrational classification

**Intervenor repeats issues:**

**Equal Protection — Fourteenth Amendment:** Federal election protections should not be selectively applied based on party affiliation.

**Equal treatment of candidates:** Candidate eligibility and ballot-access disputes should be evaluated under applicable law, not political preference. Under constitutional 'Fair and Equal Elections' and the Right of the People to choose their elected officials and not be deprived by deception, cheating or fraud.

**Consistent federal enforcement:** DOJ should explain the different treatment when presented with comparable federal-law violations.

4. Proposed Intervenor does not seek
5. to determine which candidate should win the Alaska election or how any Alaska voter should cast a ballot.

Respectfully submitted,

Dr. Neelam Taneja Perry
Proposed Intervenor, pro se

S/Neelam Perry

N. Perry

P.O. Box 1002

Largo, FL 33779

Tel.: (727) 403-0022;

Email: nneelu123@aol.c

# ATTACHMENT B

# PROPOSED AMICUS CURIAE BRIEF OF DR. NEELAM TANEJA PERRY IN SUPPORT OF EXAMINING THE STATUTORY AND CONSTITUTIONAL LIMITS OF FEDERAL ELECTION ENFORCEMENT

## I. INTEREST OF AMICUS

Dr. Neelam Taneja Perry is a 2026 Florida United States Senate candidate who alleges that state election administrators mishandled her party designation and ballot-access paperwork.

She has pursued litigation concerning those allegations, including a federal action in the District of Columbia.

Amicus has no personal interest in the identity of the winning candidate in Alaska. Her interest is in the proper interpretation and consistent application of federal election law and the constitutional limits governing federal intervention in state-administered elections.

Amicus respectfully submits that her perspective may assist the Court in evaluating the broader legal principles implicated by the requested relief.

## II. QUESTIONS PRESENTED

1. Whether the federal statutes invoked by the United States authorize the particular relief requested concerning certification of Alaska's United States Senate election.
2. Whether the federal government's intervention must be limited by the text and purpose of the statutes invoked.
3. Whether federal election enforcement must be conducted consistently and without impermissible political discrimination.
4. Whether the requested relief is appropriately limited to any statutory violation actually established.

## III. ARGUMENT

### A. Federal authority must be grounded in an applicable statute or constitutional provision.

Federal election oversight is not unlimited. The United States has identified the source of its authority and demonstrated that the relief requested falls within that authority.

The Court should examine the actual text of the statutes invoked, their statutory purpose, and the remedy.

**Intervenor repeats issues:**

**Equal Protection — Fourteenth Amendment:** Federal election protections should not be selectively applied based on party affiliation.

**Equal treatment of candidates:** Candidate eligibility and ballot-access disputes should be evaluated under applicable law, not political preference. Under constitutional 'Fair and

Equal Elections' and the Right of the People to choose their elected officials and not be deprived by deception, cheating or fraud.

**Consistent federal enforcement:** DOJ should explain the different treatment when presented with comparable federal-law violations.

## B. State election administration remains subject to constitutional and statutory limits.

States administer elections for federal

office, subject to applicable

constitutional provisions and federal

statutes.

6. The federal government's interest in election integrity established a lawful Proposed Intervenor requests that the Court independently determine whether the statutes cited by the United States authorize the requested restrictions on election certification.

   a) And recognize that Federal intervention is appropriate under narrow exceptions to abstention doctrine.

See: Younger v. Harris; Dombrowski v. Pfister

b) VIOLATION OF FIRST AMENDMENT (FAIR POLITICAL COMPETITION)

Plaintiff realleges all prior paragraphs.

1)The use of misleading "Party" labeling:

f) distorts the electoral marketplace of ideas

3)burdens Plaintiff's political speech and candidacy.

basis for judicial intervention.

## C. Election enforcement must be consistent and non-discriminatory.

Amicus alleges that Florida election administrators treated her candidacy and party designation improperly.

The Alaska action involves different alleged circumstances, including the presence of candidates with similar names.

Although the factual allegations differ, both situations raise questions about the treatment of candidates and voters in federal elections.

The Fifth Amendment's equal-protection component applies to federal governmental action. The Fourteenth Amendment applies to state governmental action.

Amicus does not ask this Court to decide whether discrimination occurred in Florida or Alaska. She asks the Court to recognize that federal election enforcement must be grounded in lawful, consistently applied standards.

## D. The requested remedy must be supported by the actual statutory violation.

A court should grant relief broader than Alaska as the authority provided by the Federal statute invoked.

The Court should examine whether the requested restriction on certification is expressly authorized, whether the statutory requirements have been satisfied, and whether the proposed remedy is consistent with the rights of voters and the constitutional allocation of election authority, applicable nationwide.

## E. The Court should not decide the D.C. dispute in this action.

Amicus recognizes that the D.C. dispute is not before this Court and that this action cannot adjudicate her separate claims.

The relevance of her submission is limited to the federal legal principles concerning election enforcement, federal authority, and equal treatment.

# IV. CONCLUSION

Amicus respectfully requests that the Court consider these arguments when evaluating the United States' statutory authority and requested relief.

Respectfully submitted,

Dr. Neelam Taneja Perry
Amicus Curiae, pro se

S/Neelam Perry

N. Perry

P.O. Box 1002

Largo, FL 33779

Tel.: (727) 403-0022;

Email: nneelu123@aol.com

# ATTACHMENT C

# DECLARATION OF DR. NEELAM TANEJA PERRY

I, Dr. Neelam Taneja Perry, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the proposed intervenor in this matter.
2. I was a candidate for the United States Senate in Florida in the 2026 election cycle.
3. I pursued election-related proceedings concerning the handling of my candidate party designation and ballot-access paperwork by Florida election administrators.
4. I allege that the handling of my candidacy caused confusion concerning my party designation and the manner in which my candidacy was presented to voters.
5. I filed a federal action in the United States District Court for the District of Columbia, Case No. 1:2026-cv-03133, concerning issues arising from my Florida election dispute.
6. I seek to participate in this Alaska action only to address the federal statutory and constitutional principles concerning election administration, federal intervention, and equal treatment.
7. I do not seek to delay the Alaska election, interfere with Alaska voters, or determine the outcome of the Alaska Senate race.
8. I understand that the factual circumstances in Florida and Alaska are different.
9. I submit this declaration in support of my request for limited intervention or, alternatively, amicus participation to the extent of voter confusion, misconduct of Election Officials and Election Fraud.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 10/29/2026

Signature:

N. Perry

Dr. Neelam Taneja Perry

P.O. Box 1002

Largo, FL 33779

Tel.: (727) 403-0022;

Email: nneelu123@aol.com

# ATTACHMENT D

# PROPOSED ORDER

The Court has considered Proposed Intervenor Dr. Neelam Taneja Perry's Emergency Motion for Leave to Intervene as a Defendant, or Alternatively for Permissive Limited Intervention; Motion for Leave to File Amicus Curiae Brief; and Motion for Leave to File Out of Time.

IT IS ORDERED:

1. The motion for intervention under Rule 24(a)(2) is [GRANTED / DENIED].
2. The alternative motion for permissive limited intervention under Rule 24(b) is [GRANTED / DENIED].
3. The alternative motion for leave to participate as amicus curiae is [GRANTED / DENIED].
4. The motion for leave to file out of time is [GRANTED / DENIED].
5. Any participation permitted under this Order shall not delay the existing briefing schedule or election-related proceedings unless otherwise ordered.

DATED: ________________

______________________________________________

HON. SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

______________________________________________

# CERTIFICATE OF SERVICE

I certify that on [date], I served a true and correct copy of this motion and its attachments upon counsel of record for all parties through the Court's authorized filing and service procedure, or by the other method required for any party not receiving electronic service.

N. Perry

Signature: /s/Neelam Perry
Dr. Neelam Taneja Perry

FedEx

Envelope

Recycle me

0095 TUE 11/03 06:46
DISTRICT OF ALASKA
222 W 7TH AVE
RM 229
ANCHORAGE AK

130-8042

9176161

E

99513-7500-99

ETP: 2 SP-PO:100:Y
11962686645400009513008795045086683

ORIGIN ID:PIEA (000) 000-0000
NEELAM TANEJA-UPPAL

2850 34TH ST N APT 1

ST PETERSBURG, FL 33713
UNITED STATES US

SHIP DATE: 30OCT26
ACTWGT: 0.15 LB
CAD: 6574021/ROSA2710

TO US DISTRICT COURT
DISTRICT OF ALASKA
222 WEST 7TH AVENUE
ROOM 229
ANCHORAGE AK 99513
(000) 000-0000 REF:
INV:
PO: DEPT:

FedEx
Express

E

TUE - 03 NOV AM
** 2DAY **

TRK# 0201 8795 0450 8683

SQ SANKG

EILA 99513
AK-US ANC